IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LOMA LINDA UNIVERSITY        )
KIDNEY CENTER                )
                             )
Plaintiff,                   )
                             )
                             )
v.                           ) Civil Action No. 06cv1926
                             ) Consolidated with 06cv1927
                             )
MICHAEL O. LEAVITT, IN HIS   ) (TFH)
OFFICIAL CAPACITY AS SECRETARY )
OF HEALTH AND HUMAN SERVICES )
                             )
Defendant,                   )
_____)

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

For the reasons stated herein, Plaintiff respectfully requests that this Court issue an order compelling the production of documents sought by Plaintiff's Document Production Request dated April 4, 2007. The documents which Plaintiff seeks consist of those which the Secretary failed to produce in response to a subpoena duces tecum issued by the Provider Reimbursement Review Board during prior administrative proceedings in this matter. This motion is brought only after repeated unsuccessful efforts have been made to secure Defendant's voluntary compliance. Defendant opposes this Motion.

<u>STATEMENT OF FACTS</u>

Plaintiffs, Loma Linda University Kidney Center ("LLKC") and

Loma Linda University Medical Center ("LLMC"), submitted an exception

request to the prospective payment rate for dialysis services to United

Government Services, LLC ("Intermediary") on August 28, 2000. <u>See</u> Loma

Linda Kidney Center Administrative Record (hereinafter "LLKC AR") at

235; Loma Linda Medical Center Administrative Record (hereinafter

"LLMC AR") at 518.  The Intermediary acts as the Secretary's agent for the

purpose of administering the Medicare program.  The Intermediary

subsequently forwarded Plaintiffs' request to the Centers for Medicare &

Medicaid Services ("CMS") for final disposition.

By letter dated November 15, 2000, CMS advised the Intermediary

that it had denied the exception requests.  LLKC AR at 634; LLMC AR at

192. The CMS letters dated November 15, 2000 were date stamped received

by the Intermediary on November 27, 2000.  LLMC AR at 329; LLKC AR

at 634.

By letter dated November 29, 2000, the Intermediary issued an

exception request denial to LLKC, enclosing a copy of the CMS letter dated

November 15, 2000. LLKC AR at 443.  By letter dated December 11, 2000,

the Intermediary issued an exception request denial to LLMC, enclosing a copy of the CMS letter dated November 15, 2000. LLMC AR at 202.

Pursuant to 42 U.S.C. §1395rr(b)(7), an application for an exception "*shall be deemed to be approved unless the Secretary disapproves it by not later than 60 working days after the date the application is filed*." The 60th working day following August 28, 2000 is November 20, 2000. <u>See</u> LLMC AR at 19. [1]

Plaintiffs appealed the denials of its exception requests to the Provider Reimbursement Review Board ("PRRB"). On September 19, 2005, the PRRB issued a subpoena duces tecum to the Intermediary requesting the envelope containing the CMS' November 15, 2000 denial letter, as well as any other documents which would substantiate the date upon which CMS actually mailed the letter to the Intermediary. LLKC AR at 791; LLMC AR at 977. <u>Exhibit 1, PRRB Subpoenas</u>. On October 4, 2005, the Intermediary responded that it was unable to find the November 15, 2000 denial letter. LLKC AR at 790. LLMC AR at 973. <u>Exhibit 2 – Response to PRRB subpoenas.</u>

---

[1] The Bates stamped page numbers in Volume 1 of the administrative record filed in Loma Linda Kidney Center ("LLKC"), Case No. 06cv1926 are illegible. Therefore, Plaintiff is unable to cite to the appropriate page number in the LLKC administrative record. Plaintiff has requested that Defendant re-file Volume 1 of the administrative record in Case No. 06cv1926.

The PRRB ruled that the exception requests should be deemed approved pursuant to 42 U.S.C. §1395rr(b)(7), because the CMS denial was sent to the Intermediary after the 60th working day. LLMC AR at 28. This decision was reversed by the CMS Administrator. LLMC AR at 2.

Plaintiff's alleged in their complaints that the CMS denial letter dated November 15, 2000 was not mailed to the Intermediary until after the expiration of the 60 working day period prescribed by 42 U.S.C. §1395rr(b)(7). See Complaint, LLKC at ¶ 23; LLMC at ¶22.  The Answer filed by Defendant denied these allegations.  See Answer, LLKC at ¶23; LLMC at ¶22. Defendant also asserted before the PRRB that the November 15th letter was transmitted to the Intermediary before the expiration of the 60 day period.  LLMC AR at 28.

Plaintiff's complaint further alleged that the Secretary maintains logs reflecting the dates upon which significant actions occur in connection with the processing of renal dialysis exception requests.  See Complaint, LLKC at ¶ 24; LLMC at ¶23. Defendant's answer admitted that such logs exist.  See Answer, LLKC at ¶24; LLMC at ¶23.

On February 27, 2007, Plaintiff informally requested that the Secretary voluntarily produce a copy of the logs referred to in the Answer, and which should have been produced in response to the PRRB subpoena.

By email dated March 23, 2007, the Secretary's counsel declined to produce a copy of such logs. Exhibit 3, (email from HHS). The agency stated that such requests are inappropriate in APA record review cases.

On April 4, 2007, Plaintiff submitted to Defendant via overnight mail a formal Document Production Request seeking a copy of any logs, referred to in the Defendant's Answers, reflecting the date upon which the denial letter dated November 15, 2000 was signed, and the date upon which such letter was actually mailed to the Intermediary. Exhibit 4 (Plaintiff's Document Production Requests). Plaintiffs further explained that they were not required to wait until after a scheduling conference before serving this discovery request, as this is a proceeding on the administrative record. See Fed. R. Civ. P. 26(d).

By letter dated April 26, 2007, Defendant declined to produce the requested documents. The basis for its refusal was that such discovery was improper in record review proceedings under the APA. Exhibit 5 (Defendant's response to discovery requests).

On May 6, 2007, Plaintiff offered to withdraw its discovery requests if Defendant would stipulate that the CMS letter dated November 15, 2000 was mailed to the Intermediary after the expiration of the 60 working day

period. Exhibit 6 – Request for Stipulation.  Defendant declined to enter into the proposed stipulation. Exhibit 7 – Answer to Stipulation Request.

## ARGUMENT

Plaintiff's contention in this litigation is that the exception request should be automatically approved pursuant to 42 U.S.C. §1395rr(b)(7), as the Secretary failed to mail its November 15, 2000 denial letter to the Intermediary within the 60 day working period.  See Complaint, LLKC at ¶ 34; LLMC at ¶33. This was exactly the position which the PRRB adopted in its ruling on July 27, 2006.  LLMC AR at 28. The PRRB ruling was reversed by the Administrator, who did not provide any findings on the issue of when the November 15, 2000 letter was actually mailed.  LLMC AR at 2.

The subpoena duces tecum issued by the PRRB sought any documents substantiating the date upon which the November 15, 2000 denial letter was mailed by CMS to the Intermediary.  Exhibit 1. See also LLKC AR at 791; LLMC AR at 974.  The Secretary should have produced the logs sought by this motion in response to the PRRB subpoena.

As a general rule, discovery is not permitted in an APA record review case.  However, there are exceptions to this rule.  First, discovery may be appropriate when incompleteness of the administrative record effectively frustrates judicial review. Environmental Defense Fund, Inc. v. Costle, 657

F.2d 275, 285 (D.C. Cir. 1981).  Additionally, discovery may be allowed

when the agency "deliberately or negligently excluded documents that may

have been adverse to its decision." James Madison Ltd. by Hecht v. Ludwig,

82 F.3d 1085, 1095 (D.C. Cir. 1996).

 Plaintiff is seeking these additional documents to establish that the

November 15, 2000 denial letter was mailed to the Intermediary after the

expiration of the 60 working day period.  This is a key factual issue which

may be resolved only through production of the logs. The absence of these

logs will effectively frustrate this Court's ability to decide whether the

exception request should be automatically approved pursuant to 42 U.S.C.

§1395rr(b)(7).

 Moreover, these logs should have been produced in response to the

PRRB subpoena.  Therefore, discovery should be permitted as the Secretary

appears to have "deliberately or negligently" excluded the logs from the

administrative record.  James Madison Ltd. by Hecht, 82 F.3d at 1095.

 The briefing schedule issued by the Court requires submission of

Plaintiff's opening brief in support of its motion for summary judgment not

later than August 6, 2007.  Plaintiff requests that the logs be produced

sufficiently in advance of this due date so as to afford ample time for the

preparation of briefs.  Accordingly, in the event the Court decides to grant

this motion, Plaintiff respectfully requests that the logs be produced with 10

days from the date of the Court's order.

WHEREFORE, Plaintiff respectfully requests that the Court issue an

Order granting this Motion to Compel.  A proposed Order is attached.

DATED: May 17, 2007

Respectfully submitted


/s
JEFFREY A. LOVITKY
(D.C. Bar No. 404834)
Attorney at Law
Washington, D.C. 20006
(202) 429-3393

Counsel for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LOMA LINDA UNIVERSITY    )
KIDNEY CENTER    )
    )
Plaintiff,    )
    )
    )
v.    ) Civil Action No. 06cv1926
    ) (Consolidated with 06cv1927)
    )
MICHAEL O. LEAVITT, IN HIS    )  (TFH)
OFFICIAL CAPACITY AS SECRETARY    )
OF HEALTH AND HUMAN SERVICES    )
    )
Defendant,    )
_____)

**ORDER**

Having considered Plaintiff's motion to compel production of documents, it

is this __ day of ___, 2007,

**ORDERED** that Defendant shall produce all logs responsive to Document Request

No. 1 in Plaintiff's First Request for Production of Documents, dated April 4,

2007. Said logs shall be produced within ten (10) days from the date of this order.

_____
United States District Judge

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
·Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to.

01-2872
<u>CERTIFIED MAIL</u>

14 SEP 2005

Jack Ahern and Associates
841 South Racine Avenue
Suite C
Chicago, IL 60607

Bernard M. Talbert, Esq.
Blue Cross and Blue Shield Association
225 North Michigan Avenue
Chicago, IL 60601-7680

Re: Loma Linda University Kidney Center
      Pro. No. 05-2550
      FYE: 12/31/2000
      PRRB Case No: 01-2872

Dear Mr. Ahern and Mr. Talbert:

Enclosed is a copy of the Provider's Reimbursement Review Board's subpoena issued on
its own motion for this case.  The subpoena has been sent via certified mail to
George Garcia in accordance with 42 U.S.C. §§405(d) and 1395oo(e).

FOR THE BOARD

Suzanne Cochran, Esq.
Chairperson

cc:  Wilson C. Leong , BCBSA

EXHIBIT 1



2

# The Provider Reimbursement Review Board

## SUBPOENA DUCES TECUM

| | | |
|---|---|---|
| Provider-Loma Linda University Kidney Center | * | |
| | * | |
| Provider No: 05-0327 | * | PRRB Case No. 01-2872 |
| | * | |
| .          v. | * | FYE 12/31/00 |
| | * | |
| | * | |
| Intermediary- United Government Services, | * | |
| LLC-CA/ Blue Cross &Blue Shield Association | * | |
| | * | |

**********************************************************************

TO: George Garcia
    United Government Services, LLC-CA
    Provider Audit/ Reimbursement Appeals
    Oxnard, CA 93031

   1.  You are hereby ordered by the Provider Reimbursement Review Board, on own motion, to produce and permit inspection and copying of the documents described on Exhibit "A" at the offices of the Provider Reimbursement Review Board 2520 Lord Baltimore Drive, Suite L, Baltimore, MD 21244-2670 on or before October 31, 2005.

   2.  If you fail to comply as requested by this subpoena, you may be subject to the provisions of 42 U.S.C. §405(e) which deals with contempt.

SO ORDERED by the Provider Reimbursement Review Board pursuant to the authority set forth in 42 U.S.C. § 1395 oo(e) and 42 C.F.R. § 405.1857.

Suzanne Cochran, Esq.
Chairperson

Date:
cc: Bernard Talbert, Wilson Leong, BCBSA
     Jack Ahern, Provider Representative

Attachments: Exhibit A

798

# EXHIBIT 1

3

**Exhibit "A"** (PRRB Case No. 01-2872)

The envelope which contained the letter (see Provider Exhibit 2) dated November 15, 2000 from Joseph Logue, Health Insurance Specialist, Centers for Medicare and Medicaid Services (formerly the "Health Care Financing Administration") to Michael S. Foxx, Manager, United Government Services, and any and all other evidence in your possession which substantiates the exact date such letter was mailed from the Centers for Medicare and Medicaid Services to United Government Services.

# EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that the attached subpoena has been sent to the person named below by certified mail:

    George Garcia
    United Government Services, LLC-CA
    Provider Audit/ Reimbursement Appeals
    Oxnard, CA 93031

Suzanne Cochran, Esq.
Chairperson

Date: **14 SEP 2005**

# EXHIBIT 1

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to:

01-2871
CERTIFIED MAIL

**14** SEP 2005

Jack Ahern and Associates
841 South Racine Avenue
Suite C
Chicago, IL 60607

Bernard M. Talbert, Esq.
Blue Cross and Blue Shield Association
225 North Michigan Avenue
Chicago, IL 60601-7680

Re: Loma Linda University Medical Center
    Pro. No. 05-0327
    FYE: 12/31/2000
    PRRB Case No: 01-2871

Dear Mr. Ahern and Mr. Talbert:

Enclosed is a copy of the Provider's Reimbursement Review Board's subpoena issued on
its own motion for this case. The subpoena has been sent via certified mail to
George Garcia in accordance with 42 U.S.C. §§405(d) and 1395oo(e).

FOR THE BOARD

Suzanne Cochran, Esq.
Chairperson

cc: Wilson C. Leong , BCBSA

# EXHIBIT 1

980

## The Provider Reimbursement Review Board

### SUBPOENA DUCES TECUM

| | | |
|---|---|---|
| Provider-Loma Linda University Medical Center | * | |
| | * | |
| Provider No: 05-0327 | * | PRRB Case No. 01-2871 |
| | * | |
| v. | * | FYE 12/31/00 |
| | * | |
| | * | |
| Intermediary- United Government Services, | * | |
| LLC-CA/ Blue Cross &Blue Shield Association | * | |
| | * | |

**************************************************************************

TO: George Garcia
    United Government Services, LLC-CA
    Provider Audit/ Reimbursement Appeals
    Oxnard, CA 93031

1.  You are hereby ordered by the Provider Reimbursement Review Board, on own
    motion, to produce and permit inspection and copying of the documents described
    on Exhibit "A" at the offices of the Provider Reimbursement Review Board 2520
    Lord Baltimore Drive, Suite L, Baltimore, MD 21244-2670 on or before October
    31, 2005.

2.  If you fail to comply as requested by this subpoena, you may be subject to the
    provisions of 42 U.S.C. §405(e) which deals with contempt.

SO ORDERED by the Provider Reimbursement Review Board pursuant to the authority
set forth in 42 U.S.C. § 1395 oo(e) and 42 C.F.R. § 405.1857.

Suzanne Cochran, Esq.
Chairperson

Date:
cc: Bernard Talbert, Wilson Leong, BCBSA
    Jack Ahern, Provider Representative

Attachments: Exhibit A

# EXHIBIT 1

981

**Exhibit "A"** (PRRB Case No. 01-2871)

The envelope which contained the letter (<u>see</u> Provider Exhibit 2) dated November 15, 2000 from Joseph Logue, Health Insurance Specialist, Centers for Medicare and Medicaid Services (formerly the "Health Care Financing Administration") to Brenda Merriweather, Manager, United Government Services, and any and all other evidence in your possession which substantiates the exact date such letter was mailed from the Centers for Medicare and Medicaid Services to United Government Services.

# EXHIBIT 1

982

# CERTIFICATE OF SERVICE

I hereby certify that the attached subpoena has been sent to the person named below by certified mail:

George Garcia
United Government Services, LLC-CA
Provider Audit/ Reimbursement Appeals
Oxnard, CA 93031

Suzanne Cochran, Esq.
Chairperson

Date:
**14** SEP 2005

# EXHIBIT 1

983



**CMS/**
CENTERS for MEDICARE & MEDICAID SERVICES

| PART A INTERMEDIARY | NATIONAL FQHC INTERMEDIARY | MEDICARE |
| --- | --- | --- |
| REGIONAL HOME HEALTH INTERMEDIARY | | PHONE 805-367-0800 |

October 4, 2005

Suzanne Cochran, Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

**RECEIVED**

**OCT 11 2005**

PROVIDER REIMBURSEMEN¬
REVIEW BOARD

Re:     SUBPOENA DUCES TECUM
        Provider Name: Loma Linda University Medical Ctr.
        Provider No. 05-0327
        FYE: 12/31/00
        PRRB Case No.:01-2871 and 01-287{2

Dear Ms. Cochran,

In response to your SUBPOENA DUCES TECUM dated September 14, 2004 (attached). We searched our records but unfortunately were not able to find the letter dated November 15, 2005 from CMS as you have ordered per Exhibit A of the SUBPOENA DUCES TECUM.

If you have any questions, please call Alex O. Cardero at (805) 367-0671.

Sincerely,

George R. Garcia
Supervisor, Appeals
Provider Audit Department

Cc:   Robert Trainor, UGS
      Wilson Leong, BCBSA
      Bernard Talbert, BCBSA
      Jack Ahern, J. Ahern & Associates

Subj:     **RE: Loma Linda Case No's 06cv1926 and 06cv 1927**
Date:     3/23/2007 3:10:02 P.M. Eastern Daylight Time
From:     Jonathan.Brumer@HHS.GOV
To:       Lovitky@aol.com

Jeffrey,
I have now had a chance to discuss the matter internally here, and with my client.
We decline to send you a copy of the log, in whole or in part, for at least two reasons:

1. First of all, because doing so would be inconsistent with our position that courts in APA record review cases are not to consider extra-record materials.

2. Second, because the log contains irrelevant and duplicative information. Our position is that, for purposes of the statutory provision at issue, it doesn't matter when CMS' denial decision was "sent," only when the decision was actually rendered or made by CMS. Moreover, the record already contains copies of the letters CMS sent to the FI regarding the exception requests.

Please let me know if you have any questions.

-Jon


**Jonathan C. Brumer**
**Attorney**
**U.S. Department of Health and Human Services**
**Office of the General Counsel,**
**Centers for Medicare & Medicaid Services Division**
**330 Independence Ave., S.W.**
**Cohen Building, Room 5344**
**Washington, D.C. 20201**

phone   202.205.8703
fax       202.401.1405

**Notice:** The contents of this message and any attachments may be privileged and confidential.  Please do not disseminate without the approval of the Office of the General Counsel.  If you are not an intended recipient, or have received this message in error, please delete it without reading it and please do not print, copy, forward, disseminate, or otherwise use the information.  Also, please notify the sender that you have received this communication in error. Your receipt of this message is not intended to waive any applicable privilege.

---

**From:** Lovitky@aol.com [mailto:Lovitky@aol.com]
**Sent:** Monday, March 19, 2007 5:45 PM
**To:** Brumer, Jonathan (HHS/OGC)
**Subject:** Loma Linda Case No's 06cv1926 and 06cv 1927

Jonathan:  We are seeking a copy of the log, referred to Paragraph 24 of Defendant's

Answer in 06cv1926, and Paragraph 23 of Defendant's Answer in 06cv1927, reflecting

# EXHIBIT 3
Saturday, May 12, 2007 America Online: Lovitky

2

the dates upon which actions were taken by CMS in connection with the processing of the Loma Linda Kidney Center and Loma Linda Medical Center exception requests. We are not seeking any portions of the log which pertain to exception requests submitted by any other entity. I look forward to your response within the next week or so.

**Jeffrey A. Lovitky**

Attorney at Law

1735 New York Ave. N.W.

Suite 500

Washington D.C. 20006

Office (202) 429-3393

Fax (202) 318-4013

Cell (202) 744-9702

Email: lovitky@aol.com

Website: www.lovitky.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic message transmission contains information from the Law Offices of Jeffrey A. Lovitky which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is

# EXHIBIT 3

3

prohibited. If you have received this electronic transmission in error, please notify us by

telephone (202-429-3393) or by electronic mail  immediately at lovitky@aol.com.

---

AOL now offers free email to everyone. Find out more about what's free from AOL at **AOL.com**.

EXHIBIT 3

# JEFFREY A. LOVITKY

### ATTORNEY AT LAW

1735 NEW YORK AVENUE, N.W., SUITE 700
WASHINGTON, D.C. 20006

MEMBER DISTRICT OF COLUMBIA
FLORIDA AND CONNECTICUT BARS

(202) 429-3393
FACSIMILE (202) 318-4013
E-MAIL: jeff@lovitky.com

Via Federal Express

April 4, 2007

Megan Lindholm Rose
Office of the United States Attorney
555 Fourth Street, NW
Room E-4220
Washington, DC 20530

  Re: Plaintiff's First Document Production Request – Loma Linda
  Medical Center and Loma Linda Kidney Center; Case No's.
  06cv1926 and 06cv1927

Dear Ms. Rose:

  Enclosed herewith are Plaintiff's First Document Production
Requests. Pursuant to Fed. R. Civ. P. 26(d), Plaintiff is not required to wait
until after a scheduling conference before serving this discovery request, as
this is a proceeding on the administrative record.

  Thank you very much for your cooperation.

    Sincerely,

    *Jeffrey Lovitky*

    Jeffrey A. Lovitky

JAL/ls

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOMA LINDA UNIVERSITY MEDICAL CENTER | ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 06cv1927 )     (RWR) |
| MICHAEL O. LEAVITT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH AND HUMAN SERVICES | ) ) ) ) ) |
| Defendant, | ) ) ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure, Plaintiff hereby submits the following Request for Production of Documents. The documents are to be produced within thirty (30) days after service at the offices of Jeffrey A. Lovitky, 1735 New York Avenue, N.W., Suite 500, Washington, DC, 20006, as provided in the Rule 34 of the Federal Rules Civil Procedure.

1. This Request for Production of Documents is continuing in nature. If Defendant does not have present, sufficient knowledge for a response or a complete response, or if at any time after Defendant does not have present, sufficient knowledge for a response or a complete response, or if at any times after Defendant produces documents pursuant to this request, any

# EXHIBIT 4

3

information becomes available which calls for any supplement or amendment to, or any modification, deletion, explanation, or amplification of a previous response, Defendant is requested to furnish such additional information as soon as possible after it becomes available.

2. The responses should be based on information known to Defendant or to Defendant's agents, attorneys, employees, servants, directors, officers, representatives, divisions, branches, or sub-divisions.

3. Where documents are requested, such request includes documents in the possession of each individual who acts, or who has acted at relevant times, as Defendant's employee, agent, or representative.

4. The phrase "all documents" shall mean each and every document within a stated category known to Defendant, and/or documents reasonably subject to identification. Documents which can be located on premises other than Defendant's premises are specifically included.

5. If any objection is raised with respect to any Request for Production of Documents, or any part thereof, Defendant shall state with specificity the grounds upon which each such objection is based. Any documents or portions of documents which are being withheld upon any basis, including a claim of privilege, shall be specifically identified as such by providing the identity of any individuals who prepared such documents and the identity of any individuals to whom such documents were furnished, along with the dates thereof. Notwithstanding a claim that a document is privileged, any

2

EXHIBIT 4

4

document so withheld must be produced with the portion claimed to be protected excised.

6. To the extent that Defendant believes that any of the information sought constitutes trade secrets or other confidential information, Plaintiff will agree to entry of an appropriate protective order limiting the use of such information.

## Definitions

"Document" or "documents" or "documentation" means books, book chapters, articles, other publications, memoranda, letters, and any other writings of any kind, whether on paper or in any electronic format.

## Document Request

1. Please provide a copy of the log, referred to Paragraph 23 of Defendant's Answer, reflecting the dates upon which significant actions occurred in the processing of Plaintiff's exception request submitted on August 28, 2000, including the date upon which the denial letter dated November 15, 2000 was actually signed by Mr. Joseph Logue, and the date upon which such letter was actually mailed to the Medicare Part A fiscal intermediary.

Respectfully submitted this 4th day of April, 2007.

# EXHIBIT 4

5

Jeffrey A. Lovitky

1735 New York Avenue, NW
Suite 500
Washington, DC  20006
Telephone:  (202) 429-3393
Email: Lovitky@aol.com
Attorney for Plaintiff

4
# EXHIBIT 4

6

## **Certificate of Service**

I hereby certify under penalty of perjury that on this 4th day of April, 2007, I caused to be delivered via Federal Express a copy of the foregoing Plaintiff's First Request for Production of Documents to:

Megan Lindholm Rose
Office of the United States Attorney
555 Fourth Street, NW
Room E-4220
Washington, DC 20530
Tel: (202) 514-7220

Hyejin Park
Legal Assistant

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOMA LINDA UNIVERSITY<br>KIDNEY CENTER<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, IN HIS<br>OFFICIAL CAPACITY AS SECRETARY<br>OF HEALTH AND HUMAN SERVICES<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06cv1926<br>)     (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure, Plaintiff hereby submits the following Request for Production of Documents. The documents are to be produced within thirty (30) days after service at the offices of Jeffrey A. Lovitky, 1735 New York Avenue, N.W., Suite 500, Washington, DC, 20006, as provided in the Rule 34 of the Federal Rules Civil Procedure.

1. This Request for Production of Documents is continuing in nature. If Defendant does not have present, sufficient knowledge for a response or a complete response, or if at any time after Defendant does not have present, sufficient knowledge for a response or a complete response, or if at any times after Defendant produces documents pursuant to this request, any

# EXHIBIT 4

information becomes available which calls for any supplement or amendment to, or any modification, deletion, explanation, or amplification of a previous response, Defendant is requested to furnish such additional information as soon as possible after it becomes available.

2. The responses should be based on information known to Defendant or to Defendant's agents, attorneys, employees, servants, directors, officers, representatives, divisions, branches, or sub-divisions.

3. Where documents are requested, such request includes documents in the possession of each individual who acts, or who has acted at relevant times, as Defendant's employee, agent, or representative.

4. The phrase "all documents" shall mean each and every document within a stated category known to Defendant, and/or documents reasonably subject to identification. Documents which can be located on premises other than Defendant's premises are specifically included.

5. If any objection is raised with respect to any Request for Production of Documents, or any part thereof, Defendant shall state with specificity the grounds upon which each such objection is based. Any documents or portions of documents which are being withheld upon any basis, including a claim of privilege, shall be specifically identified as such by providing the identity of any individuals who prepared such documents and the identity of any individuals to whom such documents were furnished, along with the dates thereof. Notwithstanding a claim that a document is privileged, any

2

EXHIBIT 4

9

document so withheld must be produced with the portion claimed to be protected excised.

6. To the extent that Defendant believes that any of the information sought constitutes trade secrets or other confidential information, Plaintiff will agree to entry of an appropriate protective order limiting the use of such information.

## Definitions

"Document" or "documents" or "documentation" means books, book chapters, articles, other publications, memoranda, letters, and any other writings of any kind, whether on paper or in any electronic format.

## Document Request

1. Please provide a copy of the log, referred to Paragraph 24 of Defendant's Answer, reflecting the dates upon which significant actions occurred in the processing of Plaintiff's exception request submitted on August 28, 2000, including the date upon which the denial letter dated November 15, 2000 was actually signed by Mr. Joseph Logue, and the date upon which such letter was actually mailed to the Medicare Part A fiscal intermediary.

Respectfully submitted this 4th day of April, 2007.

3

# EXHIBIT 4

10

Jeffrey A. Lovitky

1735 New York Avenue, NW
Suite 500
Washington, DC  20006
Telephone:  (202) 429-3393
Email: Lovitky@aol.com
Attorney for Plaintiff

4
# EXHIBIT 4

11

## **Certificate of Service**

I hereby certify under penalty of perjury that on this 4th day of April, 2007, I caused to be delivered via Federal Express a copy of the foregoing Plaintiff's First Request for Production of Documents to:

Megan Lindholm Rose
Office of the United States Attorney
555 Fourth Street, NW
Room E-4220
Washington, DC 20530
Tel: (202) 514-7220

Hyejin Park
Legal Assistant

# EXHIBIT 4



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 26, 2007

VIA FIRST CLASS MAIL

Mr. Jeffrey A. Lovitky, Esq.
1735 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006

> Re:    Discovery Request in <u>Loma Linda Univ. Kidney Ctr. v. Leavitt</u>, 1:06CV01926
> (D.D.C. filed Nov. 13, 2006) and <u>Loma Linda Univ. Medical Ctr v. Leavitt</u>,
> 1:06cv1927 (D.D.C. filed Nov. 13, 2006)

Dear Mr. Lovitky:

As discussed during a recent telephone conversation with HHS attorney Jonathan
Brumer, I am returning with this letter the discovery that you served upon the U.S. Attorney's
Office via Federal Express on April 4, 2007. Pursuant to the Federal Rules of Civil Procedure
and the Court's Local Rules, such discovery is premature and inappropriate. <u>See</u>, <u>e.g.</u>, Fed. R.
Civ. P. 26(b), (d), (f), 33, 34, 36; LCvR 16.3, 26.2(b). A party may not seek discovery from any
source prior to the Rule 26(f) scheduling conference. <u>See</u> Fed. R. Civ. P. 26(d), (f), LCvR 16.3.
The parties have not conferred or filed a Joint Report as required by LCvR 16.3, nor has there
been, nor should there be, an initial 16.3 Scheduling Conference. <u>Id.</u> The Local rules exempt an
"action for review on an administrative record" from the initial disclosure requirement and the
obligation to have an initial scheduling conference. <u>See</u> Fed. R. Civ. P. 26(a)(1)(E)(i), 26(f);
LCvR 16.3(b)(1). Implicit in this exemption is the notion that discovery is generally
inappropriate in APA cases.

The above-captioned actions concern challenges to agency action under 42 U.S.C.
§ 1395oo(f), which explicitly incorporates the Administrative Procedure Act ("APA"). <u>See</u>, <u>e.g.</u>,
Compl. in <u>Loma Linda Univ. Kidney Ctr. v. Leavitt</u>, 1:06CV01926 (D.D.C. filed Nov. 13, 2006)
¶¶ 1, 3, 34-35 (acknowledging that this is a civil action brought to obtain judicial review of a
final decision of the Secretary and that the Court has jurisdiction under 42 U.S.C. § 1395oo(f));
<u>Loma Linda Univ. Medical Ctr v. Leavitt</u>, 1:06cv1927 (D.D.C. filed Nov. 13, 2006) ¶¶ 1, 3, 34-
35 (same); 42 U.S.C. § 1395oo(f) (instructing that final decisions of the Secretary are to be "tried
pursuant to the" APA). In APA cases, "the focal point for judicial review should be the
administrative record already in existence, not some new record made initially in the reviewing

# EXHIBIT 5

court." See Florida Power & Light v. Lorion, 470 U.S. 729, 743 (1985) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)); see also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 419-420 (1971) (noting that section 706 of the APA commands that a district court's review of agency action be based solely on "the full administrative record that was before the [agency] at the time [it] made its decision," which should correspond to "the 'whole record' compiled by the agency"). Discovery is allowed in APA cases in only two limited circumstances: (1) where there has been a "strong showing of bad faith or improper behavior;" or (2) where "discovery provides the only possibility for effective judicial review and when there have been no contemporaneous administrative findings." See Cmty. for Creative Non-Violence v. Lujan, 908 F.2d 992, 997-98 (D.C. Cir. 1990); see also Commercial Drapery Contractors, Inc. v. U.S., 133 F.3d 1, *7 (D.C. Cir. 1998); Overton Park, 401 U.S. at 420; Camp v. Pitts, 411 U.S. at 142-43. Although you have stated that this is "a proceeding on the administrative record," you have not provided any justification for deviation from the general rule confining the court's review to the administrative record.

Accordingly, the Secretary believes that discovery is inappropriate and that the Court correctly entered a briefing schedule in this case. If you have any questions, or would like to discuss this further, please feel free to contact Jonathan Brumer (202-205-8703) or Megan Rose (202-514-7220).

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:    MEGAN L. ROSE
       Assistant United States Attorney

# EXHIBIT 5

1

Subj:    **Case No's 06CV 1926; 06 CV 1927; Loma Linda**
Date:    5/6/2007
To:      megan.rose@usdoj.gov
CC:      Jonathan.Brumer@hhs.gov

Megan: I am in receipt of your letter dated April 26, 2007.  Plaintiffs would be prepared to withdraw its discovery requests if the Defendant will stipulate that the CMS denial letters dated November 15, 2000 were not mailed to the Intermediary until after November 24, 2000.

Please advise me as to whether you are agreeable to this resolution.

**Jeffrey A. Lovitky**
Attorney at Law
1735 New York Ave. N.W.
Suite 500
Washington D.C. 20006
Office (202) 429-3393
Fax (202) 318-4013
Cell (202) 744-9702
Email: lovitky@aol.com
Website: www.lovitky.com

*****************************************************************************************************

    This electronic message transmission contains information from the Law Offices of Jeffrey A. Lovitky which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (202-429-3393) or by electronic mail  immediately at lovitky@aol.com.

# EXHIBIT 6

1

| | |
|---|---|
| Subj: | **RE: 06-cv-1926 Loma Linda** |
| Date: | 5/16/2007 9:50:15 A.M. Eastern Daylight Time |
| From: | Bridgette.Kaiser@hhs.gov |
| To: | Lovitky@aol.com |

Jeff,

The new copy of Volume I of the record will go in the mail this morning.  As I mentioned, it is faint, but legible—identical to my own.

We have considered your request regarding a stipulation as to when the CMS denial letters dated 11/15/2000 were mailed to the Intermediary.  We are not able to agree to the proposed stipulation.   Our position is that, for purposes of the statutory provision at issue it does not matter when the denial was sent and that extra-record material is not necessary.

I do thank you for your patience in waiting for a response.

```
Bridgette L. Kaiser
Attorney
Office of the General Counsel - CMS Division
U.S. Department of Health & Human Services
330 Independence Ave. S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
phone   (202)205-5872
fax     (202)260-0490
```

**Notice:** The contents of this message and any attachments may be privileged and confidential.  Please do not disseminate without the approval of the Office of the General Counsel.  If you are not an intended recipient, or have received this message in error, please delete it without reading it and please do not print, copy, forward, disseminate, or otherwise use the information.  Also, please notify the sender that you have received this communication in error. Your receipt of this message is not intended to waive any applicable privilege.

---

**From:** Lovitky@aol.com [mailto:Lovitky@aol.com]
**Sent:** Tuesday, May 15, 2007 4:24 PM
**To:** Kaiser, Bridgette (HHS/OGC)
**Subject:** Re: 06-cv-1926 Loma Linda

Bridgette: Thank you. You may also want to make another copy for Judge Hogan, as he may have the same problem.  Jeff

---

See what's free at AOL.com.

# EXHIBIT 7

Thursday, May 17, 2007 America Online: Lovitky