## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LOMA LINDA UNIVERSITY          )
KIDNEY CENTER,                 )
                               )
         Plaintiff,          )
                               )
         v.                 )          Case No. 1:06CV01926 (TFH)
                               )
MICHAEL O. LEAVITT,            )          Consolidated with
Secretary of Health and Human Services,   )   Case No. 1:06CV01927 (TFH)
                               )
         Defendant.          )
_____    )

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant Michael O. Leavitt, Secretary of Health and Human Services ("the Secretary")

respectfully opposes Plaintiff's[1] recently filed Motion to Compel Production of Documents

("Pl.'s Mot. Compel").  See Document No. 15.  Plaintiff's May 17, 2007 Motion requested that

the Court order Defendant to provide a copy of any logs reflecting the date upon which the

Centers for Medicare & Medicaid Services ("CMS") sent a November 15, 2000 letter to the

fiscal intermediary processing Plaintiff's claims.  Id.  However, as set forth in more detail below,

discovery is inappropriate and not warranted in this Administrative Procedure Act (APA) case,

which seeks review of the decisions of the Provider Reimbursement Review Board ("the

Board"), the administrative tribunal responsible for hearing certain types of Medicare

reimbursement disputes.  See 42 U.S.C. § 1395oo(f)(1).  Accordingly, the Court should deny

Plaintiff's instant motion.

_____

[1]  There are two plaintiffs in these consolidated cases, Loma Linda University Kidney
Center and Loma Linda University Medical Center.  See 06-1926 (TFH) and 06-1927 (TFH).
Nevertheless, because Loma Linda University appears to be the real party in interest in each case,
and for the sake of simplicity, we will refer to "Plaintiff" in the singular.

**ARGUMENT**

As pointed out in counsel for Defendant's April 26, 2007 letter to counsel for Plaintiff,

attached to Plaintiff's Motion to Compel, and as Plaintiff itself concedes, see Pl.'s Mot. Compel

at 7, it is well settled that discovery is generally inappropriate in  record review cases governed

by the Administrative Procedure Act ("APA").  Moreover, Plaintiff's contentions that the record

is so incomplete as to frustrate judicial review and that Defendant allegedly deliberately or

negligently excluded documents from the record that might have been adverse to its decision are

without merit.  See Pl.'s Mot. Compel at 7-8.

**I.      Discovery Is Inappropriate and Not Warranted In This Record Review Case.**

This action concerns a challenge to agency action and this Court's review is therefore

governed by the APA. See 5 U.S.C. § 551 et. seq.; Pls.' Mot. Compel; Compl. in Loma Linda

Univ. Kidney Ctr. v. Leavitt, 06-1926 (TFH) at ¶¶ 1, 3, 34-35 (acknowledging that this is a civil

action brought to obtain judicial review of a final decision of the Secretary and that the Court has

jurisdiction under 42 U.S.C. § 1395oo(f)); Compl., Loma Linda Univ. Medical Ctr v. Leavitt, 06-

1927 (TFH) at ¶¶ 1, 3, 34-35 (same); 42 U.S.C. § 1395oo(f)(instructing that final decisions of the

Secretary are to be "tried pursuant to the" APA); 5 U.S.C. § 701 (which provides that the action

of "each authority of the Government of the United States" is subject to judicial review except

where there is a statutory prohibition on review or where "agency action is committed to agency

discretion by law.").

The APA provides that a reviewing court's determination of whether an agency action is

"arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with law [,] . . .

contrary to constitutional right, power, privilege, or immunity [, or] . . . in excess of statutory

jurisdiction, authority or limitations, or short of statutory right," shall be based on the court's

"review [of] the whole record or the parts of it cited by a party . . ."  5 U.S.C. § 706.

Accordingly, "the focal point for judicial review should be the administrative record already in

existence, not some new record made initially in the reviewing court."  See Florida Power &

Light v. Lorion, 470 U.S. 729, 743 (1985) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)); see

also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 419-420 (1971) (noting that

section 706 of the APA commands that a district court's review of agency action be based solely

on "the full administrative record that was before the [agency] at the time [it] made its decision,"

which should correspond to "the 'whole record' compiled by the agency"); Environmental

Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981) (noting that "[i]t is well settled

that judicial review of agency action is normally confined to the full administrative record before

the agency at the time the decision was made.")(emphasis added).

Because judicial review is generally confined to the administrative record and de novo

inquiry is inappropriate, "the general rule is that discovery is not permitted prior to a court's

review of the legality of agency action" under the APA.  See National Law Ctr. on Homelessness

& Poverty v. Department of Veterans Affairs, 736 F. Supp. 1148, 1152 (D.D.C. 1990).

Supplementing the administrative record "is the exception not the rule."  Motor & Equip. Mfrs.

Ass'n v. Environmental Protection Agency, 627 F.2d 1095, 1105, n. 18 (D.C. Cir.1979); see also

Florida Power, 470 U.S. at 744 (observing that "[t]he APA specifically contemplates judicial

review on the basis of the agency record compiled in the course of informal agency action" and

that "[t]he factfinding capacity of the district court is . . . typically unnecessary to judicial review

of agency decisionmaking")

Plaintiff asserts that this case presents an exception to the general rule not permitting

discovery because the record in this case is incomplete without the inclusion of certain requested

documents, and because Defendant somehow improperly excluded documents from the record.

Pls.' Mot. Compel at 6-7.  Yet there is no indication here that the documents in question, logs

related to mailing of the Secretary's November 15, 2000 denial letter, were ever before either the

Provider Reimbursement Review Board ("the Board") or the Administrator of the Centers for

Medicare & Medicaid Services ("CMS") when they made their decisions in this matter.

Therefore, they are not properly part of the administrative record, and their lack of inclusion

hardly can be said to frustrate review of decisions that were made without any consideration of

them.  See, e.g., Volpe, 401 U.S. at 419-20.

Even if Plaintiff believes that there are certain logs that should have been part of the

record considered by the Board and the CMS Administrator, Plaintiff had ample opportunity to

develop the record to include information regarding the logs during the administrative process.

The parties to a Board proceeding concerning the amount of Medicare reimbursement due a

provider of health care services are the provider and its fiscal intermediary; CMS is not a party to

the proceedings unless CMS itself acts directly as the fiscal intermediary, which did not happen

here.  See 42 C.F.R. § 405.1843.  Fiscal intermediaries are private entities, usually insurance

companies, that contract with Defendant to act as his agent in calculating and processing

Medicare payments to providers in a certain area.  42 U.S.C. § 1395h.  Here, Plaintiff served

upon the intermediary subpoenas seeking information regarding when CMS mailed its November

15, 2000 letter denying Plaintiff's request for an exception to the prevailing payment rate for end

stage renal disease services to the fiscal intermediary.  See Exhibit 1 to Pl.'s Mot. Compel.  If

Plaintiff thought that the intermediary's response to the subpoenas was insufficient (which it was

not, since the intermediary responded that it was unable to locate the November 15, 2000 letter

or, presumably, any other information about when it was mailed), Plaintiff's remedy was to

pursue the matter before the Board, not to ask this court to permit inappropriate discovery to look

behind the intermediary's response.

While pre-hearing discovery directed to CMS is not available in Board proceedings,

Plaintiff could have obtained information about the logs it seeks in at least two ways apart from

its ineffective subpoenas directed to the intermediary. First, Plaintiff could have submitted a

request for the logs to CMS under the Freedom of Information Act. Second, Plaintiff could have

questioned the CMS official who testified at the Board hearing in this matter about the logs. See

Administrative Record in Loma Linda University Kidney Center v. Leavitt, No. 06-1926 ("A.R.

LLUKC") at 140-49; Administrative Record in Loma Linda University Medical Center v.

Leavitt, No. 06-1927 ("A.R. LLUMC") at 148-57. Having failed to pursue either of these

avenues, Plaintiff may blame only itself if the record does not contain the facts that Plaintiff now

believes are necessary to support its claims.

Plaintiff's failure to pursue the matter of the logs before the Board apparently can be

explained by a subtle but important shift in Plaintiff's position over the course of the litigation.

Before the Board, Plaintiff claimed that the agency decision was untimely because Plaintiff did

not receive notice of it within the applicable statutory 60 working day time limit. A.R. LLUKC

at 28; A.R. LLUMC at 28. Based on evidence Plaintiff was able to adduce regarding when it

received the decision, a majority of the Board members accepted Plaintiff's argument (only to

later be reversed by the CMS Administrator). A.R. LLUKC at 28-29; A.R. LLUMC at 28-29.

With the filing of its complaint in this Court, however, Plaintiff's position changed – its position

now is that Defendant's decision was untimely because it was not mailed to the intermediary

within the 60-working-day limit, and it thinks the logs might reveal the date of that mailing.  Pl.'s

Mot. Compel at 6.  This was not Plaintiff's position before the Board, and Plaintiff never

attempted to develop evidence of the mailing date in the administrative proceedings.  Putting

aside any question of waiver, see Pleasant Valley Hospital, Inc. v. Shalala, 32 F.3d 67, 70 (4th

Cir. 1994), at the very least Plaintiff should not be allowed to pursue discovery in this Court on

an issue that Plaintiff chose not to raise to the Board.

By explicitly making Medicare provider reimbursement disputes before the Board subject

to the requirements of the APA, Congress clearly intended that any factual development in such

cases occur as part of the administrative process, and the Board's rules make ample provision for

the parties to ensure that development.  See 42 § U.S.C. 1395oo(f)(1); 42 C.F.R. §§ 405.1853-

405.1861.  A reviewing court is not free to usurp that function in the absence of strong showing

that the agency acted improperly or that effective judicial review is impossible without the

proposed discovery.  Committee for Creative Non-Violence v. Lujan, 908 F.2d 992, 997-98

(D.C. Cir. 1990).  Because Plaintiff can meet neither of these standards, the Court should deny

Plaintiff's instant motion.

**II.`    The Discovery Plaintiff Seeks Is Not Relevant In The Present Case.**

Regardless, the material Plaintiff seeks through its request for production of documents is

not relevant to the case at hand.  Plaintiff seeks discovery because it believes certain documents

will show the date on which CMS mailed its November 15, 2000 letter to the intermediary.

Plaintiff's theory apparently is that this date is after the 60-working-day limit contained in the

statute pertaining to agency action on exception requests, and thus Plaintiff's exception request

should therefore be considered granted.  But the statute in question, 42 U.S.C. § 1395rr(b)(7)

states that "[e]ach application for such an exception shall be deemed to be approved unless the

Secretary disapproves it withing 60 working days after the date the application is filed."  Thus,

the statute explicitly provides that it is the disapproval of the application that must occur within

the 60 working day limit, not the transmission of that disapproval from CMS to the intermediary.

Id.

Here, Defendant disapproved the exception request within the 60-working-day time limit,

even if he did not transmit the decision to the intermediary until later.  The date of the

transmission is irrelevant to the question of when Defendant disapproved the exception request.

Because Defendant disapproved the request on November 15, 2000, within the statutory time

limit, the discovery Plaintiff seeks is irrelevant to its claims in this case.

Where Congress intends to require that the Defendant's decision actually be issued within

a certain time period, in contrast to just being made with the time period, Congress has explicitly

provided such a requirement in the statute.  See, e.g., 42 U.S.C. § 1395ww(d)(10)(C)(iii)(II)

("The Secretary shall issue a decision on such an appeal not later than 90 days after the date on

which the appeal is filed").  In the absence of a requirement that a decision be "issued," that is,

both made and mailed, within a certain time, provisions such as section 1395rr(b)(7) limit only

the time within which the decision must be made. See, e.g., Visiting Nurse Association Gregoria

Auffant, Inc. v. Thompson, 447 F.3d 68, 73-74 (1st Cir. 2006) (statute requiring CMS

Administrator to review Board decisions within 60 days is satisfied where decision is signed

within that time and mailed to the provider later); San Francisco General Hospital v. Shalala, No.

00-0595, 2000 WL 1721087 at *5-*6 (N.D. Cal. Sept. 29, 2000) (same); <u>Sun Towers, Inc. v.</u>

<u>Heckler</u>, 725 F.2d 315, 323-25 (5th Cir. 1984) (same).   Although Defendant believes that it is

unnecessary to explore the merits of this matter at this time, an understanding of the legal issues

in the case is necessary to understand why the materials Plaintiff seeks are irrelevant in any

event.  Therefore, because the discovery requested in Plaintiff's Motion to Compel Production of

Documents is of no moment to the issues in this APA case, Plaintiff's motion should be denied

on that independent ground as well.

In sum, Plaintiff's Motion to Compel Production of Documents should be denied because

discovery is both inappropriate and not warranted in this APA case.

### CONCLUSION

For all the foregoing reasons, Defendant respectfully submits that Plaintiff's Motion to

Compel Production of Documents should be denied.


 Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610



_____/s/_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX:(202) 514-8780

BRIDGETTE L. KAISER
(D.C. Bar No. 492406)
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-5872/FAX: (202) 260-0490


OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
  Counsel for Litigation

United States Department of
  Health and Human Services

## CERTIFICATE OF SERVICE

I hereby certify that on May 31st, 2007, an electronic copy of the foregoing Opposition to

Plaintiff's Motion to Compel will be served on plaintiffs' counsel via the United States District

Court's Electronic Case Filing program.


_____/s/_____
Megan L. Rose