IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOMA LINDA UNIVERSITY KIDNEY CENTER )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>MICHAEL O. LEAVITT, IN HIS )<br>OFFICIAL CAPACITY AS SECRETARY )<br>OF HEALTH AND HUMAN SERVICES )<br>)<br>Defendant, )<br>) | Civil Action No. 06cv1926<br>Consolidated with 06cv1927<br><br>(TFH) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I.  Plaintiff's Made Every Reasonable Effort To Obtain A Copy Of The Logs While The Case Was Pending Before The PRRB

Defendant argues that Plaintiff's Motion to Compel should not be granted because the Plaintiff failed to make an effort to obtain the requested documents during the PRRB proceedings.  However, this argument is incorrect.

Plaintiff attempted to obtain the subpoenaed documents through discovery during the PRRB proceedings.  On June 11, 2002, Plaintiff submitted a Document Production Request to the fiscal intermediary, and to

CMS, seeking *"all documents, including, but not limited to, all worksheets, computer spreadsheets, and memo's associated with, or attached to, or referencing, the above referenced letter from Mr. Joseph Logue of HCFA, dated November 15, 2000."* See Loma Linda Kidney Center Administrative Record (hereinafter "LLKC AR") at 461; Loma Linda Medical Center Administrative Record (hereinafter "LLMC AR") at 363.

On June 25, 2002, the fiscal intermediary, writing on CMS stationary and on behalf of CMS, stated as follows: *"Regarding the worksheets, computer spreadsheets, and memo's associated to CMS 11/15/2000 letter, at the time of this response the applicable files containing this information has not been located. Upon obtaining the documents, this will be forwarded to you."* LLKC AR at 501; LLMC AR at 387. The fiscal intermediary never supplemented this response during the PRRB proceedings.

The logs which Defendant is withholding would clearly have fallen within the scope of the Document Production Request dated June 11, 2002. The logs are clearly documents *"associated with, or attached to, or referencing"* the letter from Mr. Logue dated November 15, 2000.

Defendant asserts that the logs need not be produced because Plaintiff did not argue before the Board that the date of mailing to the intermediary was controlling as to whether the exception request was timely denied.

2

Rather, Plaintiff argued that the date of receipt by the provider is controlling as to whether the exception request was timely denied.

Plaintiff's ability to develop its case and present its arguments to the Board, and subsequently to the Administrator, was frustrated by the Defendant's failure to produce the requested documents. The logs in question would presumably establish two extremely critical dates; i.e. the date upon which the exception request was signed, and the date upon which it was mailed. Plaintiff could not possibly have argued before the Board that the disapproval letter was not actually signed on November 15, 2000, precisely because it had no information to the contrary.[1] Similarly, Plaintiff could not have argued before the Board that the November 15, 2000 letter was mailed to the intermediary more than 60 days after the exception request was submitted, because it had no information to establish the actual date of mailing.

Finally, Defendant argues that there is no evidence that the logs were before the PRRB or the Administrator when their decisions were made, and therefore the logs should not be before the court. However, this is a bootstrapping argument. The reasons the logs were not before the PRRB and

---

[1] Plaintiff's comments to the Administrator noted that "*the fact that the Intermediary is unable to produce a copy of the November 15 letter in response to the PRRB's subpoena raises substantial doubts as to when that letter was created.*" Kidney Center AR 12-13.

3

the Administrator is precisely because they were not disclosed in response to the Plaintiff's discovery requests and the PRRB's subpoenas.

## II. The Discovery Sought By Plaintiff Is Relevant In the Present Case

Under Fed. R. Civ. P. 26(b)(1), discovery may be obtained with respect to any matter *"… not privileged, that is relevant to the claim or defense of any party…"* The Document Production Request submitted by Plaintiff in this action on April 4, 2007 sought any portions of the log which reflect the date upon which the November 15, 2000 letter was actually signed, and the date upon which that letter was actually mailed to the fiscal intermediary.

This Document Production Request precisely mirrors the allegations in the Plaintiff's Complaint. Plaintiff's complaint avers that the exception request was not timely processed because it was not mailed to the intermediary within the 60 day period. See Complaint, LLKC at ¶ 34; LLMC at ¶33. Plaintiff's complaint further avers that Defendant failed to provide sufficient information as to when it actually signed the November 15, 2000 denial letter. See Complaint, LLKC at ¶ 35; LLMC at ¶ 34. Therefore, the information sought by the Document Production Request dated April 4, 2007 is clearly *"…relevant to the claim or defense of any party…"* See Fed. R. Civ. P. 26(b)(1).

4

This court may eventually decide that the administrative record clearly establishes that CMS signed the denial letter on November 15, 2000, and further that it is the date of signature, and not the date of mailing, which is controlling.  However, this is an issue which should be decided by the Court on the basis of dispositive motions, and not in response to Plaintiff's Motion to Compel Discovery.

For the foregoing reasons, Plaintiff respectfully requests that its motion to compel be granted.

DATED: June 5, 2007

                                    Respectfully submitted

                                    /s  
                                  JEFFREY A. LOVITKY  
                                  (D.C. Bar No. 404834)  
                                  Attorney at Law  
                                  Washington, D.C. 20006  
                                  (202) 429-3393

                                  Counsel for the Plaintiff