UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOMA LINDA UNIVERSITY KIDNEY CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:06CV01926 (TFH) |
| v. | ) ) | Consolidated with Case No. 1:06CV01927 (TFH) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(b), Defendant Michael O. Leavitt, Secretary of Health and Human Services, by and through his undersigned counsel, respectfully moves this court for summary judgment on the grounds that there are no material facts in dispute and that Defendant is entitled to judgment as a matter of law. In support of the instant motion, the Court is respectfully referred to the accompanying Statement of Material Facts Not in Dispute, Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment. The Administrative Record has been filed previously with the Court.

       Respectfully submitted,

         /s/
       JEFFREY A. TAYLOR
       United States Attorney
       D.C. Bar No. 498610

         /s/
       CHARLOTTE A. ABEL
       (D.C. Bar No. 388582)
       Assistant United States Attorney

        555 Fourth Street, N.W.
        Washington, DC 20530
        (202) 307-2332

        BRIDGETTE L. KAISER
        (D.C. Bar No. 492406)
        U.S. Department of Health and Human Services
        Offices of the General Counsel
        Centers for Medicare and Medicaid Services Division
        330 Independence Ave., S.W.
        Cohen Building, Room 5309
        Washington, D.C. 20201
        (202) 205-5872/FAX (202) 260-0490

<u>OF COUNSEL</u>:

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel
for Litigation

MARCUS CHRIST
Acting Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOMA LINDA UNIVERSITY KIDNEY CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:06CV01926 (TFH) |
| v. | ) ) | Consolidated with Case No. 1:06CV01927 (TFH) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
<u>NOT IN DISPUTE</u>**

1.  In December 1999, CMS announced the opening of a new exception window for ESRD facilities through Program Memorandum A-99-59. LLUKC A.R. 755-57. Providers seeking an exception to the newly established composite rate had 180 days from March 1, 2000 (i.e., until August 28, 2000) to submit a valid exception request.

2.  LLUKC and LLUMC are ESRD facilities located in Loma Linda, California. LLUKC A.R. 27; LLUMC A.R. 27.

3.  On August 28, 2000, the last day of the ESRD exception window, each of them sought an exception to the ESRD composite rate for outpatient dialysis services. LLUKC A.R. 236 *et seq.*; LLUMC A.R. 518 *et seq*.

4.  Plaintiffs' requests were based on "atypical service intensity." LLUKC A.R. 236; LLUMC A.R. 522.

5.  By letters dated November 15, 2000, CMS notified the intermediary of its decisions to deny LLUKC's and LLUMC's exception requests. LLUKC A.R. 180-87; LLUMC

A.R. 192-97.

6. November 15, 2000 was five working days <u>before</u> the statutory deadline of 60 working days, which fell on November 24, 2000. LLUKC A.R. 442, 444

7. CMS found that LLUKC "*could* possibly have an atypical patient mix," LLUKC A.R. 181 (emphasis in original), but had "failed to file its exception request in accordance with Medicare Program instructions." <u>Id</u>.

8. Similarly, CMS did not determine whether or not LLUMC had an atypical mix because of it found the documentation purportedly supporting its exception request inadequate. LLUMC A.R. 192.

9. The intermediary notified LLUKC that CMS had disapproved its request by letter dated November 29, 2000, LLUKC A.R. 198, the sixty-third working-day after LLUKC's request.

10. The intermediary notified LLUMC of CMS's denial by letter dated December 11, 2000, LLUMC A.R. 202, the seventy-first working-day after LLUMC submitted its exception request.

11. Plaintiffs timely appealed the exception denials to the Provider Reimbursement Review Board. LLUKC A.R. 874; LLUMC A.R. 1023.

12. On July 27, 2006, the PRRB issued its decisions holding that because CMS failed "to *notify* the Provider[s] of the determination[s] within 60 working days as required by 42 U.S.C. § 1395rr (b)(7), the Provider[s'] exception request[s were] deemed approved." LLUKC A.R. 29 (emphasis added); LLUMC A.R. 29.

13. Because it deemed the requests approved, the Board did not reach "the substantive

issue as to whether the exception denial[s were] otherwise proper," holding that this issue was moot. Id.

14.     By letters dated August 7, 2006, CMS requested that the Administrator review the PRRB decisions. LLUKC A.R. 19-21; LLUMC A.R. 19-21.

15.     By letters dated August 9, 2007, the Administrator notified the parties that she would review the Board's decisions. LLUKC A.R. 17-18, LLUMC A.R. 17-18. The letters explained that the Administrator would be deciding "whether to reverse, affirm, modify or remand the Board's decision[s]" and stated that the parties had a right to submit comments within 15 days. Id. The Administrator's letters also referred the Plaintiffs to "[t]he governing regulations published at 42 C.F.R. § 405.1875" which "explains the procedures in conducting final agency review of decisions made by the Board." Id.

16.     Plaintiffs timely submitted comments to the Administrator, asking that the Board's decisions be affirmed. LLUKC A.R. 9-14; LLUMC A.R. 9-14. Plaintiffs' comments did not discuss the possibility of remand or seek any alternative relief in the event that the Administrator disagreed with the Board's holding concerning the timeliness of CMS's exception request denials. Id.

17.     On September 12, 2006, the Administrator reversed the Board's decisions. LLUKC A.R. 2-7; LLUMC A.R. 2-7. The Administrator found that the plain language of the statute required only that the requests be "disapprove[d]" within 60 working days and so, the statute "does not require that the Provider receive the disapproval, or have notice of the disapproval" within that time. LLUKC A.R. 6; LLUMC A.R. 6-7. Therefore, the Administrator held that "the Board erred in holding that the exception request[s] w[ere] deemed approved

because the Provider[s] did not receive notice of the disapproval[s] within the 60-working day period." LLUKC 6; LLUMC 7. The Administrator also concluded that CMS's November 15, 2000 disapprovals of Plaintiffs' exception requests "satisfied the statutory requirements in that [they were] made within 60 working days after the request[s were] filed with Provider's Intermediary" and were therefore timely. LLUKC A.R. 7; LLUMC A.R. 7.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

/s/
CHARLOTTE A. ABEL
(D.C. Bar No. 388582)
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-2332

BRIDGETTE L. KAISER
(D.C. Bar No. 492406)
U.S. Department of Health and Human Services
Offices of the General Counsel
Centers for Medicare and Medicaid Services Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-5872/FAX (202) 260-0490

OF COUNSEL:

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel
for Litigation

LAWRENCE J. HARDER
Acting Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOMA LINDA UNIVERSITY KIDNEY CENTER,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MICHAEL O. LEAVITT,  )<br>Secretary of Health and Human Services,  )<br>)<br>Defendant.  )<br>_____)  | Case No. 1:06CV01926 (TFH)<br><br>Consolidated with<br>Case No. 1:06CV01927 (TFH) |

**<u>ORDER</u>**

Upon consideration of the parties' cross-motions for summary judgment, oppositions and replies thereto, and the entire record herein, it is this ___ day of _____, 2007,

ORDERED, that Plaintiff's Motion for Summary Judgment be, and hereby is, DENIED; and it is further

ORDERED, that Defendant's Motion for Summary Judgment be, and hereby is, GRANTED; and it is further

ORDERED that judgment be, and hereby is, entered in favor of Defendant and against Plaintiffs.

_____
THOMAS F. HOGAN
United States District Judge