# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LOMA LINDA UNIVERSITY      )
KIDNEY CENTER,      )
      )
      Plaintiff,      )      Case No. 1:06CV01926 (TFH)
      )
      v.      )      Consolidated with
      )      Case No. 1:06CV01927 (TFH)
MICHAEL O. LEAVITT,      )
Secretary of Health and Human Services,      )
      )
      Defendant.      )
_____)

## NOTICE OF FILING

Defendant submits the attached Memorandum of Points & Authorities in Support of

Motion which was inadvertently omitted from Dk. # 22.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/s/_____
CHARLOTTE A. ABEL
(D.C. Bar No. 388582)
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-2332

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LOMA LINDA UNIVERSITY    )
KIDNEY CENTER,    )
    )
    Plaintiff,    )    Case No. 1:06CV01926 (TFH)
    )
    v.    )    Consolidated with
    )    Case No. 1:06CV01927 (TFH)
MICHAEL O. LEAVITT,    )
Secretary of Health and Human Services,    )
    )
    Defendant.    )
    )

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiffs Loma Linda University Kidney Center ("LLUKC") and Loma Linda University Medical Center ("LLUMC") are facilities that provide services to individuals with End Stage Renal Disease ("ESRD"). Both facilities requested an exception to the composite payment rates established by the Secretary for ESRD services. By statute and regulation, such requests are "deemed approved" unless the Secretary "disapproves" them within sixty working days. The Secretary denied both requests on the fifty-fourth working day. LLUKC and LLUMC received notice of the disapprovals on the sixty-third and seventy-first working day, respectively. They argue that because CMS did not notify them of its denials within the sixty day limit, their requests must be "deemed approved." The Secretary respectfully submits that Plaintiffs' requests were timely denied because the statute and regulation by their terms require only that he *disapprove* an exception request within the 60 working day limit. As a result, the Court should affirm the Secretary's decisions, grant the Secretary's motion for summary judgment and deny

Plaintiffs' motion for summary judgment.

## STATUTORY AND REGULATORY BACKGROUND

The Medicare program, established under title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq*. ("the Medicare Statute"), pays for covered medical care furnished primarily to eligible aged and disabled persons.  Certain individuals with End Stage Renal Disease are also eligible for benefits.  42 U.S.C. §§ 426-1, 1395rr(a).

Medicare reimbursement for ESRD services is made on the basis of prospectively set rates.  42 U.S.C. § 1395rr(b)(7). The statute requires the Secretary to "provide by regulation for a method (or methods) for determining prospectively the amounts of payments to be made for dialysis services."  Id. The Secretary has established a composite payment rate methodology for outpatient maintenance dialysis.  The composite rate is computed on a per treatment basis by considering labor and nonlabor costs, and is adjusted periodically.  See Provider Reimbursement Manual ("PRM")  § 2702.[1]

The statute requires the Secretary to "provide for such exceptions" to these prospectively set rates "as may be warranted by unusual circumstances." 42 U.S.C. § 1395rr(b)(7). Accordingly, the Secretary has adopted regulations addressing when to grant exceptions to the composite rate.  See 42 C.F.R. §§ 413.180 (2000) et seq.[2]; PRM §§ 2720-22. The Centers for

---

[1] The PRM is a manual published by the Centers for Medicare and Medicaid Services and is available on the internet.  See http://www.cms.hhs.gov/Manuals/PBM/list.asp.  Chapter 27, ESRD Services and Supplies, can be found in Part I of the PRM.

[2]The regulations at 42 C.F.R. Part 413 (2000) were in effect at the time of Plaintiff's exception requests in August, 2000.

Medicare & Medicaid Services ("CMS"),[3] may grant an exception to the standard payment rate and set a higher rate if a dialysis provider:

> demonstrates, by convincing objective evidence, that its total per treatment costs are reasonable and allowable under the relevant cost reimbursement principles of part 413 and that its per treatment costs in excess of its payment rate are directly attributable to . . . [certain] criteria [including]:
> (a) Atypical service intensity (patient mix) . . .

42 C.F.R.§ 413.182 (2000).

A provider seeking an exception to the composite rate submits its exception request and required information to its fiscal intermediary.[4] PRM §2720. Requests for exceptions must be received by the fiscal intermediary within 180 days[5] after: (1) the effective date of the facility's new composite rate(s); or (2) the effective date that CMS opens the exceptions process; or (3) the date on which an extraordinary cost-increasing event occurs. See 42 C.F.R. §413.180(d) (2000); see also PRM §2720.4. The intermediary must complete its review within 15 working days. PRM § 2723. The intermediary then forwards the exception request with its preliminary recommendation to CMS. PRM §2723.3(F)

Upon receipt of the exception request from the intermediary, CMS reviews all the information submitted, prepares a decision based on the documentation submitted, and advises

---

[3] CMS, formerly the Health Care Financing Administration ("HCFA"), is the agency within the Department of Health and Human Services responsible for administering the Medicare program, including the ESRD exception process. In this brief, the Secretary will refer to both CMS and HCFA as "CMS."

[4] Payments to providers ordinarily are made through private organizations (typically insurance companies) which act as "fiscal intermediaries," or paying agents, under contracts with the Secretary. 42 U.S.C. § 1395h.

[5] The 180-day period in which the facility must file a complete exception request is often described as the exception "window." See, e.g., PRM § 2720.2.

the intermediary of the decision and any exceptions to the facility's rate.  PRM § 2724.  If a facility's exception request is denied during the 180-day window, it may file another exception request, supplying missing documentation and/or addressing CMS's other concerns, by the 180th day.  PRM § 2723.3A.

If CMS does not disapprove the exception request within 60 working days from the date the request is filed with the intermediary, it is deemed approved.  42 U.S.C. § 1395rr(b)(7) ("[e]ach application for such an exception shall be deemed to be approved unless the Secretary disapproves it by not later than 60 working days after the date the application is filed."); 42 C.F.R. § 413.180(h)(2000) ("[a]n exception request is deemed approved unless it is disapproved within 60 working days after it is filed"); PRM § 2720.  Because CMS allows the intermediary 15 working days to make a preliminary recommendation to CMS, CMS processes exceptions within 45 working days.  PRM § 2720.

When, as in this case, CMS determines that a provider has failed to meet its burden of demonstrating that it warrants an exception from its payment rate, the provider may seek administrative review of CMS's decision.  See 42 C.F.R. § 413.194(b)(2000); PRM 2726.  The provider is permitted 180 days to request a hearing before the Provider Reimbursement Review Board ("PRRB" or "Board"), an administrative tribunal within HHS that hears Medicare reimbursement disputes.  42 C.F.R. § 413.194(c)(1) (2000); PRM § 2726.1.

Within sixty days after the provider is notified of the PRRB's decision, the CMS Administrator, on behalf of the Secretary, may reverse, affirm, or modify the PRRB's decision. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1875(g).  If the Administrator elects to review a PRRB decision, as happened in this case, a provider or CMS may make various written

4

submissions including proposed findings and conclusions; they may also request that the Administrator remand the decision "and state reasons for doing so."  42 C.F.R. § 405.1875(e). The Administrator's decision becomes the final decision of the Secretary; otherwise, the PRRB's decision constitutes the final, reviewable decision.  That final administrative decision is then subject to judicial review in federal district court.  42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1877.

### STATEMENT OF FACTS AND PROCEEDINGS BEFORE THE AGENCY

In December 1999, CMS announced the opening of a new exception window for ESRD facilities through Program Memorandum A-99-59.  LLUKC A.R. 755-57. Providers seeking an exception to the newly established composite rate had 180 days from March 1, 2000 (i.e., until August 28, 2000) to submit a valid exception request.

LLUKC and LLUMC are ESRD facilities located in Loma Linda, California.  LLUKC A.R. at 27;  LLUMC A.R. at 27.  On August 28, 2000, the last day of the ESRD exception window, each of them sought an exception to the ESRD composite rate for outpatient dialysis services.  LLUKC A.R. 236 *et seq*.; LLUMC A.R. 518 *et seq*. Plaintiffs' requests were based on "atypical service intensity."  LLUKC A.R. 236; LLUMC A.R. 522.

By letters dated November 15, 2000, CMS notified the intermediary of its decisions to deny LLUKC's and LLUMC's exception requests.  LLUKC A.R. 180-87; LLUMC A.R. 192-97. November 15, 2000 was five working days <u>before</u> the statutory deadline of 60 working days, which fell on November 24, 2000.[6]  CMS found that LLUKC "*could* possibly have an atypical

---

[6]Plaintiffs agree that the 60th working day after August 28, 2000 was November 24, 2000. (Pls' Mem. at 9 n.4). The November 24, 2000 date accounts for the following federal holidays: Labor Day, Columbus Day, Veterans Day, and Thanksgiving.  See LLUKC A.R. 442 (2000

patient mix," LLUKC A.R. 181 (emphasis in original), but had "failed to file its exception request in accordance with Medicare Program instructions." Id. CMS found numerous problems with LLUKC's request. For example, LLUKC had not adequately documented the "additional nursing staff services rendered to its atypical patient mix," did not explain the increase in its salaries, and did not demonstrate that an exception for supplies was warranted. Id. 181-183. Similarly, CMS did not determine whether or not LLUMC had an atypical mix because of the inadequacy of the documentation purportedly supporting its exception request. LLUMC A.R. 192.

In its letter to the intermediary disapproving LLUKC's exception request, CMS offered some suggestions in case the provider filed another exception request in the future. CMS noted that the burden for justifying an exception request rests with the provider, not CMS and not the intermediary, and that LLUKC had the responsibility for furnishing all the documentation needed to support its request. LLUKC A.R. 186. By filing its request on the last day of the exception window, LLUKC had lost its opportunity to remedy any deficiencies in its request. Id. "Had the provider filed early in the exception window, it would have had the opportunity to file another exception request." Id. CMS made similar comments in its letter disapproving LLUMC's request. LLUMC A.R. 196-97.

The intermediary notified LLUKC that CMS had disapproved its request by letter dated November 29, 2000, LLUKC A.R. 198, the sixty-third working-day after LLUKC's request. The intermediary notified LLUMC of CMS's denial by letter dated December 11, 2000, LLUMC

---

calendar showing date counts and federal holidays); id at 444 (list of 2000 federal holidays from Office of Personnel Management).

A.R. 202, the seventy-first working-day after LLUMC submitted its exception request. Plaintiffs

timely appealed the exception denials to the Provider Reimbursement Review Board. LLUKC

A.R. 874; LLUMC A.R. 1023.

On July 27, 2006, the PRRB issued its decisions holding that because CMS failed "to

*notify* the Provider[s] of the determination[s] within 60 working days as required by 42 U.S.C. §

1395rr (b)(7), the Provider[s'] exception request[s were] deemed approved." LLUKC A.R. 29

(emphasis added); LLUMC A.R. 29. Because it deemed the requests approved, the Board did

not reach "the substantive issue as to whether the exception denial[s were] otherwise proper,"

holding that this issue was moot. Id. Two Board members (out of five) dissented on the basis

that the applicable statute, regulation and manual were all silent "regarding timely notifying the

provider" and that "CMS *made its decision*[s] to deny [the] exception[s] within the 60 working

day time limit specified in the statute, regulation and manual." LLUKC A.R. 31 (emphasis

added); LLUMC A.R. 31. The dissenting Board members also observed that Plaintiffs did not

submit their requests until the final day of the opening window and that, in light of how promptly

Plaintiffs did receive notice of the denials, "no claim of prejudice of [the] Provider[s'] rights can

reasonably be made." Id.

By letters dated August 7, 2006, CMS requested that the Administrator review the PRRB

decisions. LLUKC A.R. 19-21; LLUMC A.R. 19-21. By letters dated August 9, 2007, the

Administrator notified the parties that she would review the Board's decisions. LLUKC A.R. 17-

18, LLUMC A.R. 17-18. The letters explained that the Administrator would be deciding

"whether to reverse, affirm, modify or remand the Board's decision[s]" and stated that the parties

had a right to submit comments within 15 days. Id. The Administrator's letters also referred the

Plaintiffs to "[t]he governing regulations published at 42 C.F.R. § 405.1875" which "explains the procedures in conducting final agency review of decisions made by the Board."  Id.

Plaintiffs timely submitted comments to the Administrator, asking that the Board's decisions be affirmed.  LLUKC A.R. 9-14; LLUMC A.R. 9-14.   Plaintiffs' comments did not discuss the possibility of remand or seek any alternative relief in the event that the Administrator disagreed with the Board's holding concerning the timeliness of CMS's exception request denials.  Id.

On September 12, 2006, the Administrator reversed the Board's decisions.  LLUKC A.R. 2-7; LLUMC A.R. 2-7.  The Administrator found that the plain language of the statute required only that the requests be "disapprove[d]" within 60 working days and so, the statute "does not require that the Provider receive the disapproval, or have notice of the disapproval" within that time. LLUKC A.R. 6; LLUMC A.R. 6-7.  Therefore, the Administrator held that "the Board erred in holding that the exception request[s] w[ere] deemed approved because the Provider[s] did not receive notice of the disapproval[s] within the 60-working day period."  LLUKC 6; LLUMC 7. The Administrator also concluded that CMS's November 15, 2000 disapprovals of Plaintiffs' exception requests "satisfied the statutory requirements in that [they were] made within 60 working days after the request[s were] filed with Provider's Intermediary" and were therefore timely.  LLUKC A.R. 7; LLUMC A.R. 7.

Plaintiffs timely appealed the Administrator's decision.  They filed their Complaints on November 13, 2006.

### PLAINTIFFS' CLAIMS IN THIS COURT

The Complaints allege jurisdiction under the Medicare statute, 42 U.S.C. § 1395oo(f).

LLUKC Compl. ¶ 3; LLUMC Compl. ¶ 3.  Plaintiffs argue that their exception requests should

have been deemed approved because CMS did not provide notice of its disapproval within 60

working days.  Pls' Mem. at 8.[7]  Plaintiffs also argue that CMS had an obligation pursuant to the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to index or publish the denial letters on

the Agency's web site and, because it did not, and because they did not receive actual notice

within 60 working days, their exception requests must be deemed approved.  Pls' Mem. at 14.

Finally, Plaintiffs allege that the Secretary erred in not remanding this matter to the PRRB for a

decision on the merits of their exception requests.  Id. at 21.

Plaintiffs ask this Court to find that their exception request is deemed approved pursuant

to 42 U.S.C. § 1395rr(b)(7) or, alternatively to remand this matter back to the PRRB for a

determination on the merits of the requests and for "further fact finding" as to when the denial

letters were signed.  Id. at 22.

**ARGUMENT**

**I.      The Standard of Review Under the Administrative Procedure Act is Highly
         Deferential**

By statute, judicial review of Medicare reimbursement disputes is governed by the

standards in the Administrative Procedure Act ("APA"), See 42 U.S.C. § 1395oo(f)(1).  In

general, the APA permits agency action to be set aside if it was "in excess of statutory

jurisdiction, authority or limitations, or short of statutory right," "arbitrary, capricious, an abuse

of discretion, or otherwise not in accordance with law," or "unsupported by substantial

evidence."  See 5 U.S.C. § 706(2)(C), (A), (E).

---

[7]Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary
Judgment.

Generally, agency action may be invalidated as arbitrary or capricious under the APA only if it is "not rational and based on consideration of the relevant factors."  FCC v. Nat'l Citizens Comm. For Broad., 436 U.S. 775, 803 (1978); see also Motor Vehicle Mfr's Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983).  Similarly, agency action may not be invalidated as "unsupported by substantial evidence," 5 U.S.C. § 706(2)(E), if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 619-20 (1966) (internal quotation omitted). Furthermore, in determining whether agency action was arbitrary or capricious or unsupported by substantial evidence, the court is not empowered to substitute its judgment for that of the agency. Citizens to Pres. Overton Park v. Volpe, 401 U.S. 402, 416 (1971),

Under the standards of deference in Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984), the Secretary's interpretation of the Medicare statute must be upheld so long as it is "within the bounds of reasonable interpretation," Your Home Visiting Nurse Servs., Inc. v. Shalala, 525 U.S. 449, 450 (1999).  Even if the statute's language is "not free of ambiguity," so long as it bears the Secretary's interpretation, that interpretation is "legally permissible." Shalala v. Illinois Council on Long Term Care, Inc. 529 U.S. 1, 21 (1999). Moreover, the Secretary's interpretation of his own regulations is entitled to "substantial deference," and "must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation."Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994) (internal quotation omitted).

Summary judgment is appropriate if the record, viewed in the light most favorable to the nonmoving party reveals that there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see <u>Tao v. Greeh</u>, 27 F.3d 635, 638 (D.C. Cir. 1994).

The Secretary submits that, in this case, there is not a genuine issue of material fact: as a matter of law, the Secretary's actions were not arbitrary or capricious or an abuse of discretion. To the contrary, the Secretary acted in full compliance with all statutory and regulatory requirements under any standard of review, and his interpretation of the Medicare statute was reasonable and should be upheld.

## II.    The Secretary's Interpretation of 42 U.S.C. § 1395rr(b)(7) is Reasonable

Resolution of this matter turns on the Secretary's interpretation of 42 U.S.C. § 1395rr(b)(7), which provides that an application for an exception request to the ESRD composite rate "shall be deemed to be approved unless the Secretary *disapproves* it by not later than 60 working days after the date the application is filed." (emphasis added). Plaintiff does not, and cannot, argue that the plain language of section 1395rr(b)(7) requires the Secretary to not only disapprove a request but furnish actual notice to the provider within 60 working days. As the Administrator explained:

> The statute does not state that the actual notice of the disapproval must be *received* by the provider within 60 working days . . .the key word in [1395rr(b)(7)] is 'disapproves,' which is defined in ordinary use as 'to refuse to approve; reject' . . . the plain language of the statute ... requires that CMS render the disapproval of the ESRD exception request within the 60-working day statutory period.  The statute does not require that the Provider receive the disapproval or have notice of the disapproval within that statutory time period.

LLUKC A.R. 6; LLUMC A.R. 6-7 (emphasis in original) (internal citation omitted).  It is the Secretary's view that the plain language of the statute requires only that an exception request be disapproved, not transmitted and/or delivered to either the intermediary or the provider within the

sixty working day time limit and that the Plaintiffs' requests were timely disapproved by the

November 15, 2000 letters.

In the context of another, similar deadline, the Court of Appeals for the First Circuit has

concluded that, when the statute and regulations are silent as to when notice must be provided,

the Secretary need only make the relevant decision within the stated time limit, and need not also

furnish notice within that time frame.  See Visiting Nurse Association Gregoria Affuant, Inc. v.

Thompson, 447 F.3d 68, , 73-74 (1st Cir. 2006).  In Visiting Nurse Association the court of

appeals considered 42 C.F.R. § 405.1875(g)(2), which addresses the deadline for the

Administrator to issue a decision, when he or she reviews a Board decision.  Section 405.1875

(g)(2) states that "[t]he Administrator will make [his] decision within 60 days after the provider

received notification of the Board decision and will promptly mail a copy of the decision to each

party and to CMS."  The plaintiff in Visiting Nurse Association argued that the regulation

required the administrator to both make his decision and mail his decision within the sixty day

limit.  Id. The court rejected the plaintiff's "unnatural reading of the regulatory language" and

held that "the plain language of the regulation states that the Administrator need only *make his*

*decision* with the 60-day period."  Id. (emphasis in original).

Defendant respectfully urges this Court to adopt the First Circuit's reasoning in Visiting

Nurse Association and reject Loma Linda's unnatural reading of section 1395rr(b)(7), the plain

language of which likewise requires only that the Secretary make his decision within sixty

working days. See Sun Towers, Inc. v. Heckler, 725 F.2d 315, 323-23 (5th Cir. 1984).  In Sun

Towers, the plaintiffs argued that the Secretary's decision was untimely because, even if it was

made within the sixty day limit of the statutory provision at issue in that case, 42 U.S.C.

12

§1395oo(f)(1), it was not *mailed* until the sixty-fourth day.  The court held that the Secretary's

decision was timely, noting that the statute imposed no "additional requirement" that the decision

be mailed within the sixty-day period, and that the agency was entitled to deference.  Id. at 324;

see also San Francisco General Hospital v. Shalala, 2000 WL 1721082 (N.D. Cal. Oct. 2, 2000)

(Secretary's interpretation of sixty day time limit in 42 U.S.C. § 1395oo(f)(1) to exclude final

Saturdays and Sundays was "reasonable").

Because the statute does not speak directly to when the provider must be given notice of

the disapproval, it is ambiguous in this respect.  The Secretary's reading is certainly "within the

bounds of reasonable interpretation," Your Home, 525 U.S. at 450, and thus "legally

permissible,"  Illinois Council on Long Term Care, Inc., 529 U.S. at 21, and entitled to deference.

Even the PRRB majority, which held for Plaintiffs, conceded that CMS likely could, consistent

with 42 U.S.C. § 1395rr(b)(7), promulgate a regulation establishing a grace period for notice that

was *after* the sixty working day limit.  LLUKC A.R. 29; LLUMC A.R. 29.[8] It follows from the

Board's reasoning that the statute by its terms requires only that the request be disapproved

within the 60 working day period.

The Secretary's interpretation is also reasonable on the ground that elsewhere in the

Medicare statute, Congress *has* explicitly addressed the timing of notice to providers.  For

example, if the Secretary reverses, affirms, or modifies a Board decision, he must do so "within

60 days after the provider of services *is notified* of the Board's decision", or else "the decision of

the Board shall be final." 42 U.S.C. § 1395oo(f)(1).  Here, if Congress had intended that 42

_____

[8]The Board also conceded that CMS's deeming regulation, 42 C.F.R. 413.180(h) (2000)
"could be read literally as only requiring the CMS decision to be made within the 60-day period."
LLUKC A.R.29; LLUMC A.R. 29.

U.S.C. § 1395rr(b)(7) required either actual notice, or transmission of notice, within the sixty working day deadline, Congress would presumably have said so explicitly.  Cf. 2A Norman J. Singer, Statutes and Statutory Construction § 46.05 (6th Ed. 2000) ("[w]here the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded.")

## II.    The Secretary's Interpretation Does Not Undermine the Purpose of the Medicare Statute

Plaintiffs' argument that the Secretary's interpretation is "inconsistent with the underlying purpose of the statute" because it would "allow CMS an indefinite period of time in which to notify the provider of its decision," Pls' Mem. at 11, is without merit.  The Secretary does not claim that CMS may indefinitely delay transmission of a timely-rendered decision.  The Administrator's decision does not address how soon a provider must be given notice of CMS's decision to deny an exception request because the facts in this matter did not present the issue of unreasonable delay.  LLUKC received notice of CMS's decision on the 63rd working day and LLUMC received notice on the 71st working day. Plaintiff raises the specter that the Secretary could "bury [his] decision in [his] files until the appeal period has expired," Pls' Mem. at 12, and argues that the Secretary's decision is inconsistent with due process because "[p]rompt notification of agency action is a hallmark of due process," id. at 11, but Plaintiffs themselves received prompt notification. In short, the Secretary does not claim the authority to unreasonably delay notice of denial requests and did not unreasonably delay notice here. Thus, the Court need not endorse such authority in order to affirm the Secretary's decision.

Plaintiffs do not even claim to have been prejudiced by CMS's delay. Nor could they

14

reasonably do so.  As the dissenting Board members observed, supra at 7,  because Plaintiffs waited until the last day of the exception window to file their exception requests, even if CMS had notified them of the denials earlier, they could not have corrected the deficiencies identified by the agency in time to submit amended requests.

## III.    FOIA is Irrelevant

Plaintiffs argue that CMS's denials of its exception requests are "final opinions" which must be made available on CMS's web site pursuant to FOIA and that the denials "could not be used or relied upon" until either they were posted on the web site or else Plaintiffs had actual notice.  Pls' Mem. at 14.  FOIA is irrelevant to the legal question before this Court: whether the Secretary "disapproved" the requests within sixty working days as required by 42 U.S.C. § 1395rr(b)(7). It is section 1395rr(b)(7), not FOIA, which speaks specifically to the time limits for denying exception requests. Even assuming *arguendo* that FOIA's indexing requirements apply to ESRD exception request denials, when a specific statute, such as the Medicare statute,  and a general one, such as FOIA, address the same concern, the more specific statute controls.  See Colorado Nurses Ass'n v. Federal Labor Relations Authority, 851 F.2d 1486, 1492 (D.C. Cir. 1988).  Therefore, the timeliness of ESRD exception request denials is to be determined pursuant to the Medicare statute, not FOIA.

The Secretary complied with the Medicare statute because he disapproved the exception requests within sixty working days.  Nothing more is required.  FOIA cannot be read to somehow impose a stricter deadline for agency action than the Medicare statute itself.  Otherwise no deadlines in organic statutes administered by agencies would be understandable without separate resort to FOIA.  Plaintiffs cite no authority for such a remarkable proposition.  See also Sun

Towers, 725 F.2d at 323-324 (rejecting plaintiffs' argument that, in order to be timely within the sixty day time limit in 42 U.S.C. 1395oo(f)(1), the agency decision must be "placed in the public domain" because only then would the decision be a final judgment pursuant to the Federal Rules of Civil Procedure).

## IV.    Plaintiffs Waived Their Opportunity to Seek Remand

### A.  Plaintiffs failed to seek a remand on the merits

Plaintiffs argue that there was "no conceivable rationale" for the Administrator's conclusion that the parties did not "'dispute the merits of the denial[s] of the provider[s'] exception request[s].'"  Pls' Mem. at 19 (quoting  LLUKC AR at 6; LLUMC AR at 6). Plaintiffs point to the briefs and evidence before the PRRB to show that the Secretary acted arbitrarily and capriciously in failing to either reach the merits of their request or remand to the Board.  Pls' Mem. at 17-21.

Plaintiffs waived their opportunity to seek a remand because they failed to seek this alternative relief before the Administrator.  See Pleasant Valley Hospital, Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994).  As explained above, *supra* at 7, when the Administrator notified the Plaintiffs that the PRRB's decisions would be reviewed, the notices specifically stated that the Administrator would be deciding "whether to reverse, affirm, modify *or remand* the Board's decision[s]".  LLUKC A.R. at 17 (emphasis added); LLUMC A.R. at 17. The notice also referred Plaintiffs to the regulations governing final agency review of decisions by the Board at 42 C.F.R. § 405.1875.  Id. These regulations clearly state that "[i]f the Administrator has notified the parties and CMS that he or she has decided to review a Board decision, the Administrator will affirm, reverse, modify or remand the case." 42 C.F.R. § 1875(g)(1).  The regulations also make

plain that the provider may request a remand "and state reasons for doing so."  42 C.F.R. §

405.1875(e).  The Administrator's reversal of the Board's decision concerning the timeliness of

CMS's denials was a foreseeable possibility and Plaintiffs do not claim otherwise.  Because

Plaintiffs argued only for affirmance of the PRRB decisions without seeking alternative relief,

LLUKC A.R. 9-14, LLUMC A.R. at 9-14[9], it was not "obvious" that they continued to

"vigorously assert[] the merits of the exception request[s]".  Pls' Mem. at 19.  Plaintiffs are

correct that the "Administrator could have remanded this case to the PRRB," Pls' Mem. at 20,

but Plaintiffs did not ask her to do so.

### B.     A remand to determine when the letter was signed is unnecessary

Plaintiffs argued before the PRRB that CMS's disapprovals were untimely because they

were not *received* by Plaintiffs within 60 working days.  LLUKC A.R. 186; LLUMC A.R. 184.

Before the Administrator, Plaintiffs argued that "assuming *arguendo* that notification of the

Provider is not subject to the 60-day time limit," CMS's disapprovals were untimely because

they were not sent by CMS to the intermediary within 60 working days.   LLUKC at 12; LLUMC

at 12-13.[10]   Plaintiffs now state that their contention is that the "Secretary failed to *mail* its ...

denial letter to the Intermediary within the" 60 working day period." Pls' Mem. In Support of

Motion to Compel at 6 (emphasis added).  However, they also ask this Court to "remand for

further fact finding as to the date upon which the denial letter was signed." Pls' Mem. at 22.

---

[9]Plaintiffs' related argument that the Secretary erred in failing to make a determination on
the merits of the exception request, Pls' Mem. at 20, fails for the same reason.  "The
Administrator did not make any findings concerning whether Loma Linda qualified" for an
exception, Pls' Mem. at 20, because that issue was not argued to the Administrator.

[10]There is no evidence in the record establishing when CMS mailed the denials to the
intermediary.

This request is unwarranted for two reasons. First, Plaintiffs offer no basis to doubt that the letters were signed on the date printed upon them, November 15, 2000. Secondly, Plaintiffs had the opportunity to pursue this information below. See Defs' Mem. In Opp'n to Motion to Compel at 5. Plaintiffs offer no explanation for why they did not question the CMS official who testified at the Board hearing[11] about this purportedly "critical", Pls' Mem. at 17, information. A remand is not warranted when, as here, Plaintiffs simply failed to develop the record below.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that this Court deny Plaintiffs' motion and enter judgment for the Secretary, affirming the Secretary's decision that Plaintiffs' exception requests were timely denied.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
CHARLOTTE A. ABEL
(D.C. Bar No. 388582)
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-2332

BRIDGETTE L. KAISER
(D.C. Bar No. 492406)
U.S. Department of Health and Human Services
Offices of the General Counsel
Centers for Medicare and Medicaid Services Division

_____

[11] See LLUKC A.R. 140-49; LLUMC at 148-57.

330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-5872/FAX (202) 260-0490

OF COUNSEL:

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel
for Litigation

LAWRENCE J. HARDER
Acting Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services