IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LOMA LINDA UNIVERSITY          )
KIDNEY CENTER                  )
                               )
Plaintiff,                     )
                               )
                               )
v.                             ) Civil Action No. 06cv1926
                               ) Consolidated with 06cv1927
                               )
MICHAEL O. LEAVITT, IN HIS     ) (TFH)
OFFICIAL CAPACITY AS SECRETARY )
OF HEALTH AND HUMAN SERVICES   )
                               )
Defendant,                     )
_____ )

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**Jeffrey A. Lovitky
D.C. Bar No. 404834
1776 K St., NW, Ste. 200
Washington, DC  20006
(202) 429-3393
Attorney for Plaintiffs**

**Dated:  November 13, 2007**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

I. PLAINTIFFS DID NOT WAIVE THEIR OPPORTUNITY
TO SEEK REMAND ..................................................................... 1

II. REMAND IS REQUIRED TO DETERMINE THE DATE
UPON WHICH THE DENIAL LETTER WAS SIGNED ........................... 5

III. THE EXCEPTION REQUEST SHOULD BE DEEMED
APPROVED PURSUANT TO 42 U.S.C. §1395RR(B)(7) ......................... 7

IV. THE SECRETARY'S COMPLIANCE WITH THE SIXTY
DAY REQUIREMENT MUST BE DETERMINED IN LIGHT
OF THE REQUIREMENTS OF THE FOIA ............................................... 13

CONCLUSION ........................................................................... 17

# TABLE OF AUTHORITIES

## Cases

Bennett v. Spear,
520 U.S. 154 (1997)...................................................................... 11

Bristol-Myers Co. v. FTC,
598 F.2d 18 (D.C. Cir. 1978)........................................................ 15

Chem-Haulers, Inc. v. United States,
536 F.2d 610 (5th Cir. 1976) ....................................................... 11

Gallup v. Federal Energy Regulatory Com.,
702 F.2d 1116 (D.C. Cir. 1983)........................................... 10,11,14

Gray Panthers v. Schweiker,
652 F.2d 146 (D.C. Cir. 1980)........................................................ 5

Kontrick v. Ryan,
540 U.S. 443 (2004).......................................................................... 3

Labadie Coal Co. v. Black,
672 F.2d 92 (D.C. Cir. 1982)........................................................... 7

Matsushita Elec. Industrial Co. v. Epstein,
516 U.S. 367 (1996)...................................................................... 16

National Prison Project of ACLU Found., Inc. v. Sigler,
390 F. Supp. 789 (D.D.C 1975)..................................................... 15

NLRB v. Sears, Roebuck & Co.,
421 U.S. 132 (1975)...................................................................... 15

Nurse Ass'n Gregoria Auffant, Inc. v. Thompson,
447 F.3d 68 (1st Cir. 2006),.......................................................... 12

Smith v. Robinson,
468 U.S. 992 (1984)...................................................................... 16

Sun Towers, Inc. v. Heckler,
725 F.2d 315 (5th Cir. 1984) ............................................... 10,12,13

Tax Analysts & Advocates v. IRS,
362 F. Supp. 1298 (D.D.C. 1973)..................................................................... 16

**Statutes**

5 U.S.C. § 552(a)(2)............................................................................ 14,15,16

5 U.S.C. § 552(a)(2)(A) ............................................................................. 15

5 U.S.C. § 554(b) ................................................................................... 4,5

16 U.S.C. § 825l ..................................................................................... 10

42 U.S.C. § 1395oo(f)(1) ............................................................................ 12

42 U.S.C. §1395rr(b)(7)......................................................................... 16, 17

**Regulations**

42 C.F.R § 405.1875 .................................................................................. 3

42 C.F.R § 405.1875(d) .............................................................................. 4

42 C.F.R § 405.1875(e)(3)........................................................................... 3

42 C.F.R.§ 405.1875(e)(2)........................................................................... 5

**Rules**

Fed. R. Civ. P. 8(e) ................................................................................. 15

Fed. R. Civ. P. 54(b) ............................................................................... 10

Fed. R. Civ. P. 58(b) ............................................................................... 10

Fed. R. Civ. P. 79(a) ............................................................................... 10

**Other Authorities**

Black's Law Dictonary (7th ed. 1999) ............................................................. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| LOMA LINDA UNIVERSITY | ) |
| KIDNEY CENTER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 06cv1926 |
| | ) Consolidated with 06cv1927 |
| | ) |
| MICHAEL O. LEAVITT, IN HIS | )  (TFH) |
| OFFICIAL CAPACITY AS SECRETARY | ) |
| OF HEALTH AND HUMAN SERVICES | ) |
| | ) |
| Defendant, | ) |
| _____ | ) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Loma Linda University ("Loma Linda") submits this memorandum in

reply to the Summary Judgment Memorandum of Defendant ("HHS").  For

the reasons stated below, Loma Linda asserts that its Motion for Summary

Judgment should be granted, and Defendant's Motion for Summary

Judgment should be denied.

**I. PLAINTIFFS DID NOT WAIVE THEIR OPPORTUNITY TO SEEK
REMAND**

The Secretary asserts that Loma Linda waived its right to a remand

because it failed to seek this relief from the Administrator.  Sec. Br. 16.  The

Secretary states that "it was not obvious" that Loma Linda continued to assert the merits of its exception requests, because Loma Linda did not seek remand to the Board in the event of a reversal by the Administrator.  Sec. Br. 17.

This argument ignores the fact that Loma Linda was requesting that the Administrator affirm the Board's decision, as opposed to remanding the decision back to the PRRB.  LLKC AR 9-13; LLMC AR 9-13. A remand would ordinarily be requested by a party who was in some fashion displeased with the Board's decision, which Loma Linda was not.  There is no merit to the argument that Loma Linda ceased to assert the merits of the exception request because it did not seek relief which it would have wanted only in the event of a reversal by the Administrator.

Further, the Secretary's regulations state that reasons to request a remand from the Administrator include "new, substantial evidence concerning (i) Issues presented to the Board; and (ii) New issues that have arisen since the case was presented to the Board."  42 C.F.R § 405.1875(e)(3).  Loma Linda did not request a remand because it had no new substantial evidence to present to the Board.  Loma Linda's failure to request a remand was clearly consistent with the Secretary's regulations as to when a remand may properly be requested. These regulations do not

2

contemplate requesting a remand solely to preserve one's ability to obtain a decision on the merits.

The Secretary's argument also runs counter to the principle that a waiver is an intentional relinquishment of a known right. Kontrick v. Ryan, 540 U.S. 443, 458, fn. 13 (2004); Black's Law Dictionary 1574 (7th ed. 1999). Loma Linda has not taken any action which could reasonably have manifested such an intention. Moreover, the Secretary does not, and cannot claim any prejudice resulting from Loma Linda's failure to request a remand.

Further, Loma Linda did not request a remand after the Administrator's reversal, because the reversal itself constituted the final agency decision which effectively terminated the administrative process. LLKC AR 8; LLMC AR 8. Loma Linda also did not request reconsideration of the Administrator's reversal, because such a request was neither required nor authorized by the Secretary's regulations. 42 C.F.R § 405.1875. The only option available to Loma Linda by which it could obtain a remand was through filing this proceeding in federal court. In sum, Loma Linda did all that it could reasonably have done to preserve its rights to obtain a remand.

The Secretary also cannot suggest that Loma Linda ceased to assert the substantive merits of its case because it did not present any arguments to the Administrator on that issue. The Secretary's regulations require the

3

Administrator to promptly notify the parties and CMS whether he or she has decided to review a decision of the Board and, if so, to indicate the <u>particular issues</u> he or she will consider. 42 C.F.R § 405.1875(d). The APA also provides that

> [p]ersons entitled to notice of an agency hearing shall be timely informed of — (1) the time, place, and nature of the hearing; (2) the legal authority and jurisdiction under which the hearing is to be held; and (3) the matters of fact and law asserted.

5 U.S.C. § 554(b).

The Administrator advised the parties that that the issue which she would consider was "…<u>whether the Board's decision</u> is in keeping with the pertinent laws, regulations, and other criteria cited by the Board and by the parties in their comments." LLMC AR 17; LLKC AR 17(Emphasis added). The applicable regulations mandate that submissions to the Administrator "be limited to issues the Administrator has decided to review…." 42 C.F.R.§ 405.1875(e)(2).

The Board did not consider the substantive merits of the exception request. LLMC AR 25-32; LLKC AR 25-32. CMS in their comments to the Administrator did not address the substantive merits of the exception request. LLKC AR 19-21; LLMC AR 19-21. Therefore, there was no reason for

Loma Linda to present to the Administrator any arguments concerning the substantive merits of the exception request.

Any other interpretation would have required Loma Linda to rebut every conceivable argument which could be used as a basis for denying the exception request, just in case the Administrator was to rely on any one of them. Such an interpretation mocks the Administrative Procedures Act ("APA") and Due Process requirements that persons entitled to an agency hearing be provided with prior notice of the "matters of fact and law" asserted by the agency. 5 U.S.C. § 554(b). See e.g. Gray Panthers v. Schweiker, 652 F.2d 146, 168-69 (D.C. Cir. 1980) (noting that absent notice as required by Due Process, a party "[I]s reduced to guessing what evidence can or should be submitted in response and driven to responding to every possible argument against denial at the risk of missing the critical one altogether.").

In sum, Loma Linda did not waive its right to a remand. The record does not suggest that Loma Linda at any time abandoned its claims based on the substantive merits of the exception request.

## II. REMAND IS REQUIRED TO DETERMINE THE DATE UPON WHICH THE DENIAL LETTER WAS SIGNED

The Secretary asserts that remand to the PRRB for fact finding as to the date upon which the denial letter was signed is improper because: (a)

Loma Linda offers no grounds to doubt that the date the letter was signed was the date printed on the letter, and (b) Loma Linda failed to pursue this issue before the PRRB.  Sec. Br. 17-18.  However, the Secretary is incorrect on both counts.

First, the date on the denial letter does not appear next to the signature, but rather on the first page thereof.  LLKC AR 634-41; LLMC AR 960-65. Therefore, the date on the letter merely represents the date on which the letter was prepared, and does not even purport to represent the date upon which the letter was actually signed.

The agency has not disputed that (a) it has in its possession logs which would reveal the date upon which the November 15, 2000 letter was actually signed, (b) that these logs were within the scope of the document production request issued by Loma Linda during the PRRB proceedings, and (c) that it has failed to include these logs in the administrative record.  See Mot. To Compel Production of Docs., (No 15 and 17); Def. Reply to Mot. to Compel, (No 16).

The Secretary infers that he is entitled to a presumption that the letter was signed on the same day as it was dated.  Sec. Br. 18. Why the Secretary is entitled to such a presumption is unclear, given the agency's failure to cooperate in the discovery conducted at the administrative level.  See

6

<u>Labadie Coal Co. v. Black</u>, 672 F.2d 92, 94-95 (D.C. Cir. 1982) (failure to produce records justified drawing the normal inferences against a party who should have produced those documents).

Finally, the Secretary incorrectly states that Loma Linda is not entitled to the logs because it failed to question the CMS official about this issue during the PRRB hearing.  Sec. Br. 18. However, the CMS official who testified at the PRRB hearing, Mr. Michael Powell, was not the same individual who signed the denial letter.  LLKC AR 129 (Tr. 153).  In any event, the Secretary does not dispute that the Document Production Request submitted by Loma Linda during the PRRB proceedings properly encompassed the logs which the Secretary is admittedly withholding. Therefore, there is no basis for the Secretary's contention that Loma Linda failed to pursue this issue at the administrative level.

## III. THE EXCEPTION REQUEST SHOULD BE DEEMED APPROVED PURSUANT TO 42 U.S.C. §1395RR(B)(7)

Loma Linda asserts that the exception request should be deemed approved because the agency did not provide notification of its disapproval until after the 60 working day period. The fact that the agency official allegedly signed the letter prior to the 60th working day does not alter this conclusion.

The issue to be decided by this Court is whether a disapproval which has not been communicated can be final.  The answer is clearly no. The Secretary's argument is fallacious primarily because the agency official who rendered the disapproval did not bind himself to that decision simply by signing it. Rather, the disapproval became final only after it had been communicated to Loma Linda.

The government's argument would permit an agency official to issue a formal disapproval by simply signing a document on the 57th working day, and then putting the signed document in his or her desk drawer. However, such an action cannot be final in any sense of that term.

For example, the agency official could sign the disapproval on the 57th working day, without communicating that action in any manner.  Then, on the 60th working day, the official could change his mind, decide not to send the disapproval, and prepare instead an approval letter.  Then, on the 61st working day, the official could change his mind again, and mail the disapproval letter signed on the 57th working day to the provider.

In such an example, the official cannot be said to have rendered his disapproval on the 57th working day. This is because the action taken on the 57th working day was not final. Rather, as of the critical 60th working day, the official had reversed his decision.

8

The purpose of this illustration is to demonstrate that disapproval cannot be final merely because an official has made a decision in his own mind, or merely because he signs a piece of paper.  Rather, disapproval to be final requires some objective act of communicating this action.

Plaintiff suggests that the analogy could be made to decisions of this Court.  Judgments of this Court are not final merely because a judge has made up his or her mind, or because the judge signs a piece of paper.  Rather, Fed. R. Civ. P. 54(b) provides that any order or decision "is subject to revision at any time before the entry of judgment."   Judgments do not become final until the clerk makes the appropriate entry on the civil docket sheet. See Fed. R. Civ. P. 58(b), providing that a judgment is not deemed to be entered until such time as the appropriate notation is made by the clerk to the civil docket sheet under Fed. R. Civ. P. 79(a).[1]

Loma Linda asserts that the court's reasoning in Gallup v. Federal Energy Regulatory Com., 702 F.2d 1116 (D.C. Cir. 1983) strongly suggests that the November 15, 2000 denial letter did not become effective merely by virtue of being signed within the 60 working day period. In Gallup, the court

---

[1] Contrary authority is contained in Sun Towers, Inc. v. Heckler, 725 F.2d 315, 323-24 (5th Cir. 1984) (holding that the court should not analogize to the Federal Rules of Civil Procedure when the agency does not maintain an official docket).

was asked to construe what constitutes a final decision of the agency for purposes of triggering the judicial review provisions of the Federal Power Act, 16 U.S.C. § 825l.  Id.  The court held that a decision was not final while the agency was yet free to alter its conclusions.  Id. The court stated as follows: "*A decision becomes a final decision when it is both complete and passes out of the control of the authority by being released to the interested parties or to the public in decisional form without any immediate intention of recall or reconsideration.*"  702 F.2d at 1123.

The courts have reached similar results with respect to petitions for review of agency actions filed under the Administrative Orders Review Act, 28 U.S.C. §§ 2341-2351.  In Chem-Haulers, Inc. v. United States, 536 F.2d 610 (5th Cir. 1976), the court was asked to decide whether the 60 day time period for filing a petition for review of an agency order commenced on the date the order was issued, or on the date the order was released to the public. The court held that the time period began on the date the order became a matter of public record.  In reaching this conclusion, the court noted that the date of issuance of the order could not logically serve as the starting date, because such an interpretation would permit an agency to shield itself from judicial review by delaying release of its decision. Id. This rationale applies equally in the present case, as CMS could shield itself from all possible

10

appeals to the PRRB simply by delaying release of its decision.  See 42

C.F.R. § 413.194(c)(1) (provider has 180 days from the "*date of the*

*decision*" to appeal the CMS denial to the PRRB).

The cases construing the final agency action requirement for purposes

of the judicial review provisions of the Administrative Procedure Act

("APA") are also instructive.  See 5 U.S.C. § 704.  Agency action is not final

if it is tentative, as opposed to binding.  Bennett v. Spear, 520 U.S. 154, 177-

78 (1997).  The core inquiry is whether the agency has actually

consummated the decisionmaking process.  Id.

In the present case, the denial letter was still tentative as of November

15, 2000 because the deciding official did not communicate that action to

anyone.  As such, the situation is no different than would be the case if the

official had simply decided in his own mind to render the disapproval

without signing any piece of paper.  Only by communicating a decision can

an action be made final.

The cases cited by the Defendant are clearly inapposite.  In Visiting

Nurse Ass'n Gregoria Auffant, Inc. v. Thompson, 447 F.3d 68 (1st Cir.

2006), the court found that the Secretary was required only to render, as

opposed to mailing, his decision within the 60 day period prescribed by 42

U.S.C. § 1395oo(f)(1).  However, in reaching its decision, the court relied

upon the "plain language" of the Secretary's regulations implementing the statute. 447 F.3d at 73-74. In the present case, the Secretary has never issued any regulations interpreting what the Secretary concedes is an ambiguous statute. See Sec. Br. 13 ("Because the statute does not speak directly to when the Provider must be given notice of the disapproval, it is ambiguous in this respect").

Defendant further relies upon Sun Towers, Inc. v. Heckler, 725 F.2d 315 (5th Cir. 1984), in support of its assertion that the decision became effective on the date it was rendered.  However, in Sun Towers, the court relied upon the fact that a master control sheet, attached to the file, was signed and dated by each person taking action on the matter.  725 F.2d at 324. The Secretary asserted in that case that the decision became effective when the Administrator both signed the decision, and signed the control sheet accompanying the file.  Id.

In the present case, there was no master control sheet.  Therefore, the agency official was free to change his mind, or even to backdate his decision, without any record thereof.

Moreover, unlike the situation in Sun Towers, in which the agency determination was made at the Administrator level, the decision in the present case was made by Mr. Joseph Logue, Health Insurance Specialist,

Division of Chronic Care Management. LLKC AR 634-41; LLMC AR 960-65. The administrative procedures governing such decisions by lower ranking officials are likely to be less formally applied than would be applicable at a higher level.  Furthermore, the date on which the decision was allegedly rendered does not appear next to Mr. Logue's signature, but rather on the first page of an eight page letter.  LLKC AR 634-41; LLMC AR 960-65. Under these circumstances, the absence of a master control sheet, which would constitute documentary evidence of the date of the Secretary's decision, is a significant factor in concluding that Mr. Logue's decision was not effective as of the date it was allegedly signed.  See Gallup v. Federal Energy Regulatory Com., 702 F.2d 1116 (D.C. Cir. 1983).

## IV. THE SECRETARY'S COMPLIANCE WITH THE SIXTY DAY REQUIREMENT MUST BE DETERMINED IN LIGHT OF THE REQUIREMENTS OF THE FOIA

The Secretary does not contest that the CMS denial letters dated November 15, 2000 were not indexed or made available for public inspection in the agency's FOIA Reading Room or in any electronic reading room.  See Plaintiff's Rule 7.1 Statement of Material Facts Not in Dispute ¶ 10-11.  See LCvR 7.1(h) (each statement of material fact shall be deemed admitted unless specifically controverted in the opposition.).  Rather, the Secretary asserts that the FOIA is irrelevant to the issue of whether the

Secretary complied with the 60 working day requirement.  Sec. Br. 15-16.

The Secretary's argument cannot bear scrutiny in light of the plain

requirements of the Freedom of Information Act ("FOIA").

Under FOIA, a "final opinion" or "order" cannot be "used" or "relied

on" until the agency has either (a) placed a copy of the denial letter in the

agency's electronic reading room, or (b) provided a copy of the denial letter

to Loma Linda. See 5 U.S.C. § 552(a)(2). Accordingly, the November 15th

denial letter did not become effective until such time as the agency complied

with the relevant FOIA requirements.

That the November 15, 2000 denials were "final opinions" or "orders"

within the context of the FOIA is not altered by the fact that they were

appealable.[2]  In NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1975), the

Supreme Court determined that Advice Memorandums issued by the NLRB

were final dispositions which must be indexed and published under 5 U.S.C.

§ 552(a)(2)(A).  The Court reached this decision, even though it specifically

---

[2] Loma Linda acknowledges an apparent inconsistency between its assertion
that the denial letters dated November 15, 2000 were not final, and its
assertion that the denial letters constituted a "final opinion" or "order"
within the context of FOIA. 5 U.S.C. § 552(a)(2). See Loma Linda Br. 13-14.
However, under either legal theory, the denial letters were not effective as of
November 15th. A party may plead all of its separate claims regardless of
consistency. Fed. R. Civ. P. 8(e).  In any event, even pre-decisional
documents may be covered by the public disclosure provisions of 5 U.S.C. §
552(a)(2). Bristol-Myers Co. v. FTC, 598 F.2d 18, 24 (D.C. Cir. 1978).

noted that the Advice Memorandum may be overturned by an Appeals Memorandum issued by the General Counsel of the NLRB.  421 U.S. at 159, fn. 25.

The fact that the November 15, 2000 denial letters lacked precedential effect also does not exempt them from the disclosure requirements of 5 U.S.C. § 552(a)(2).  In National Prison Project of ACLU Found., Inc. v. Sigler, 390 F. Supp. 789 (D.D.C 1975), the court expressly rejected any suggestion that the public disclosure requirements of 5 U.S.C. § 552(a)(2) are limited to those decisions having precedential effect.  390 F. Supp. at 793.  Similarly, in Tax Analysts & Advocates v. IRS, 362 F. Supp. 1298, 1304 (D.D.C. 1973), the court ruled that even agency interpretations of "very unique applicability" are subject to the disclosure requirements of 5 U.S.C. § 552(a)(2).  Id.

The Secretary further asserts that the FOIA provisions are overridden by the specific timeframes for adjudicating exception requests contained in 42 U.S.C. §1395rr(b)(7).  Sec. Br. 15.  However, the fact that the Secretary must adhere to the specific statutory deadlines contained in 42 U.S.C. §1395rr(b)(7) does not undermine the applicability of the general FOIA provisions, unless the two statutes are in irreconcilable conflict. See Smith v. Robinson, 468 U.S. 992, 1024 (1984)  ("Accordingly, our guide must be the

15

familiar principle of statutory construction that conflicting statutes should be interpreted so as to give effect to each but to allow a later enacted, more specific statute to amend an earlier, more general statute <u>only to the extent of the repugnancy between the two statutes</u>." Emphasis added.) As noted in <u>Matsushita Elec. Industrial Co. v. Epstein</u>, 516 U.S. 367, 381 (1996), "The rarity with which [the Court has] discovered implied repeals is due to the relatively stringent standard for such findings, namely, that there be an irreconcilable conflict between the two federal statutes at issue." (internal quotation marks omitted).

The Secretary has not, and cannot demonstrate an irreconcilable conflict between the two statutes. Loma Linda's construction would not impose upon the Secretary a shorter deadline than 60 day period permitted by 42 U.S.C. §1395rr(b)(7). The parties are in agreement that the 60th working day after submission of the exception request was November 24, 2000. By that date, the Secretary was required to render an effective disapproval, which required either (a) placing a copy of the disapproval in the agency's electronic reading room, or (b) providing a copy of the disapproval to Loma Linda. However, regardless of the method chosen, the Secretary would still have the same 60 days in which to render his disapproval.

16

**CONCLUSION**

For the foregoing reasons and for the reasons set out in Plaintiff's

opening brief, Plaintiff's motion for summary judgment should be granted,

and the Secretary's cross-motion for summary judgment should be denied.


DATED:  November 13, 2007



Respectfully submitted,


/s
_____
JEFFREY A. LOVITKY
Attorney at Law
1776 K Street, NW, Ste. 200
Washington, DC 20006
(202)429-3393
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| LOMA LINDA UNIVERSITY | ) |
| KIDNEY CENTER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 06cv1926 |
| | ) Consolidated with 06cv1927 |
| | ) |
| MICHAEL O. LEAVITT, IN HIS | ) (TFH) |
| OFFICIAL CAPACITY AS SECRETARY | ) |
| OF HEALTH AND HUMAN SERVICES | ) |
| | ) |
| Defendant, | ) |

_____)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 7.1
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to LCvR 7.1(h) of the local rules of United States District

Court for the District of Columbia, Plaintiffs hereby responds to Defendant's

Rule 7.1 Statement of Material Facts Not in Dispute ("Defendant's

Statement").

7.  The emphasis stated in this paragraph was not in the original document,

but was rather contained in a copy thereof.

DATED:  November 13, 2007

1

Respectfully submitted,


/s
_____
JEFFREY A. LOVITKY
Attorney at Law
1776 K Street, NW, Ste. 200
Washington, DC 20006
(202)429-3393
Attorney for Plaintiffs