UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOMA LINDA UNIVERSITY )
KIDNEY CENTER, )
)
        Plaintiff, )        Case No. 1:06CV01926 (TFH)
)
        v. )        Consolidated with
)        Case No. 1:06CV01927 (TFH)
MICHAEL O. LEAVITT, )
Secretary of Health and Human Services, )
)
        Defendant. )
_____ )

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SURREPLY**

      Defendant, through counsel, submits the following in opposition to Plaintiffs' Motion for

Leave to File Surreply ("Plaintiffs' motion"). Plaintiffs' motion suffers from three defects.

First, it does not meet the relevant legal standard. Second, it is based on a mistaken factual

premise. Third, it is irrelevant.

      "A surreply may be filed only by leave of Court, and only to address new matters raised

in a reply to which a party would otherwise be unable to respond." Randolph v. ING Life Ins. &

Annuity Co., 486 F. Supp. 2d 1, 9 n.5 (D.D.C. 2007) (quoting United States ex rel. Pogue v.

Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002)). Here,

Plaintiffs' motion does not meet this legal standard. Plaintiffs ask this Court for leave to file a

surreply addressing their contention that certain of the agency's administrative decisions have

not been posted on the agency's website and, accordingly, the Secretary's decisions in this case

are somehow entitled to less deference from this Court. Pls.' Mot. at 2-3. This argument was

available to Plaintiffs when they submitted their two other briefs in this case and is not offered in

response to anything contained in the Secretary's reply memorandum.

Plaintiffs' motion does not even mention, let alone demonstrate how it meets, the legal test for leave to file a surreply.  Plaintiffs' motion does not mention the Secretary's reply brief, nor does it state why Plaintiffs could not have made their proposed arguments, in full, when they submitted their motion for summary judgment on August 30, 2007, or when they submitted an opposition to the Secretary's motion for summary judgment and reply on November 13, 2007. Plaintiffs ask this Court for leave to file a surreply simply because they have thought of something else they would like to say.  Such an attempt to extend the briefing in this matter should not be indulged – at some point, successive rounds of briefing need to come to an end. See Archdiocese of Milwaukee v. Underwriters at Lloyd's, London, 955 F. Supp. 1066, 1070 (E.D. Wis. 1997) (observing that "[i]f the defendant's [surreply] brief is permitted, the plaintiffs may wish to file a reply to defendant's surreply," and noting that "at some point, briefing must end"); see also Arakelian v. Nat'l W. Life Ins. Co., 126 F.R.D. 1, 3 (D.D.C. 1989) (observing that "[t]he Local Rules do not provide for the filing of a surreply, nor do the Federal Rules of Civil Procedure," and upholding the magistrate judge's decision "to limit an endless series of arguments and motions by denying plaintiffs' motion for leave to file a surreply").  The Secretary respectfully submits that Plaintiffs have not provided this Court with sufficient reason to permit them to file a surreply when they do not allege that there are any new matters raised in the Secretary's reply brief, and when they have not pointed to any new factual developments[1] subsequent to their last substantive filing that might justify the filing of a surreply.

Plaintiffs' motion is also based upon a mistaken factual premise.  Plaintiffs suggest that

---

[1]According to Plaintiffs, "the CMS web site does not contain any Administrator decisions subsequent to 2004."  Pls.' Mot. at 2.  Of course, this is not a factual development subsequent to their last substantive filing in November 2007.

the Secretary has relied upon unpublished orders or opinions. As an initial matter, while

Plaintiffs are now complaining that the administrative decisions in this case are not posted on the

agency's website, Plaintiffs do not (and cannot) allege that Plaintiffs did not receive actual notice

of those decisions. In fact, Plaintiffs admit that they received prompt notice of the decisions.

See Pls.' [Proposed] Surreply at 4.

      Moreover, the Secretary's decisions in this case are published by – and available from – a

number of sources. The agency routinely forwards decisions made on behalf of the Secretary

under 42 U.S.C. § 1395oo(f)(1) to both Westlaw and CCH[2] for publication. The decisions at

issue here are available from both of these sources. See Loma Linda Univ. Kidney Ctr. v. Blue

Cross Blue Shield Ass'n, CMS Admin. Decision, 2006 WL 3227976 (H.C.F.A. Sept. 12, 2006);

Loma Linda Univ. Med. Ctr. v. Blue Cross Blue Shield Ass'n, CMS Admin. Decision, 2006 WL

3227975 (H.C.F.A. Sept. 12, 2006); Loma Linda Univ. Med. Ctr. v. Blue Cross Blue Shield

Ass'n, CMS Admin. Decision, CCH Medicare and Medicaid Guide ¶ 81,603 (Sept. 12, 2006);

Loma Linda Univ. Kidney Ctr. v. Blue Cross Blue Shield Ass'n, CMS Admin. Decision, CCH

Medicare and Medicaid Guide ¶ 81,602 (Sept. 12, 2006). Thus, this case is clearly

distinguishable from the two circuit court cases cited by Plaintiffs where the courts declined to

give Chevron deference to "unpublished" decisions of the Board of Immigration Appeals. See

Pls.'s [Proposed] Surreply at 5. The administrative decisions in this case have been published,

are available in a searchable form, and can be cited to the agency, this Court, or any other

relevant legal body. Thus, even a glance at the merits of Plaintiffs' proposed surreply indicates

---

[2]CCH is a company that, like Westlaw, provides reproductions of CMS Administrator
decisions and PRRB decisions. See http://health.cch.com/compliance/Cases-Decisions.asp.

that it contains a mistaken argument. It is apparent that the administrative decisions that are now being reviewed in this Court are final decisions of the Secretary that were provided to Plaintiffs, have been published, are available to be cited as the Secretary's interpretation of the Medicare statute and thus, for all the reasons set forth in the Secretary's motion for summary judgment and opposition and reply, are entitled to deference under Chevron, U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984). Plaintiffs' desperate arguments to the contrary should be rejected.

Finally, Plaintiffs' proposed surreply is superfluous because the parties' briefs have already addressed any purported relevance of FOIA to this matter. See Pls.' Mem.[3] at 12-14; Def.'s Mem.[4] at 15-16; Pls.' Reply Mem.[5] at 13-17; Def.'s Reply[6] at 7-9. Defendant has already explained that the issue before this Court is whether the Secretary timely disapproved the Plaintiffs' exception requests, not whether the Secretary is in compliance with FOIA. Def.'s Reply at 7. It is difficult to understand how Plaintiffs' proposed surreply – which would only serve to interject yet another aspect of FOIA – would assist this Court when Plaintiffs' assertions of jurisdiction and basis for relief are premised on the Medicare Act and the Administrative Procedure Act, not FOIA. See LLUKC Compl. ¶¶ 2-3, 33-36; LLUMC Compl. ¶¶ 2-3, 32-35.

For the foregoing reasons, the Secretary respectfully requests that Plaintiffs'

---

[3]Mem. of P. & A. in Supp. of Pls.' Mot. for Summ. J.

[4]Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. & in Opp'n to Pls.' Mot. for Summ. J.

[5]Reply Mem. in Supp. of Pls.' Mot. for Summ. J. & in Opp'n to Def.'s Cross-Mot. for Summ. J.

[6]Def.'s Reply to Pls.' Opp'n to Def.'s Mot. for Summ. J.

Motion be denied.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/s/_____

CHRISTOPHER B. HARWOOD
N.Y. Reg. No. 4202982
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0372

_____/s/_____

BRIDGETTE L. KAISER
(D.C. Bar No. 492406)
U.S. Department of Health and Human Services
Office of the General Counsel-CMS Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-5872

OF COUNSEL:

JAMES C. STANSEL
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services