IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
LOMA LINDA UNIVERSITY            )
KIDNEY CENTER                    )
                                 )
Plaintiff,                       )
                                 )
                                 )
v.                               ) Civil Action No. 06cv1926
                                 ) (Consolidated with 06cv1927)
                                 )
MICHAEL O. LEAVITT, IN HIS       )  (TFH)
OFFICIAL CAPACITY AS SECRETARY   )
OF HEALTH AND HUMAN SERVICES     )
                                 )
Defendant,                       )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiffs, Loma Linda Kidney Center and Loma Linda Medical Center, by and through their undersigned counsel, respectfully submit the following Reply to Defendant's Opposition to its Motion for Leave to File a Surreply.

The government's memorandum repeats the often cited rule that a "surreply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 270, 276-

77 (D.D.C. 2002). However, this statement does not comprehensively address all of the factors to be considered by the Court in ruling on the motion.

The issue of whether a Surreply should be allowed is within the sound discretion of the court. Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 113 (D.D.C. 2002). In Lightfoot v. District of Columbia, 2007 U.S. Dist. LEXIS 26277 (D.D.C. Apr. 10, 2007), the district court allowed a surreply which was not based on new matters raised in a reply brief, because doing so was "in the interest of justice." Id. at p. 21, fn. 4. Similarly, in Mergentime Corp. v. Wash. Metro. Area Transit Auth., 2006 U.S. Dist. LEXIS 9778 (D.D.C. Feb. 22, 2006), the court noted that lack of prejudice to the opposing party should be considered in deciding whether to permit a surreply. Id. at pp. 8-9.

Under Fed. R. Civ. P. 15(d), this Court may permit a party to file a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Requests to file supplemental pleadings should be liberally granted. Miller v. Air Line Pilots Ass'n, 2000 U.S. Dist. LEXIS 8797, (D.D.C. Mar. 30, 2000), pp. 4-5. See also City of Moundridge v. Exxon Mobil Corp., 471 F. Supp. 2d 20, 29, (D.D.C. 2007). Among the factors to be considered by the Court is whether supplementation would unduly delay the proceedings, result in inconvenience, or otherwise

prejudice the interests of the other party. City of Moundridge, 471 F. Supp. 2d at 29.

Similarly, under Fed. R. Civ. P. 6(b), this Court may modify any prior order, and allow any act to be done which is outside of the prescribed time, when the failure to act was excusable. The factors to be considered by the Court include: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C. Cir. 2003).

The government does not contest that the information on its web site was misleading concerning the public availability of Administrator decisions. The government makes no attempt to rebut Plaintiff's contention that this misleading information reasonably caused Plaintiff to assume that Administrator decisions were being published as required by FOIA. Nor does the government suggest that it would in any way be prejudiced or inconvenienced by allowing a supplemental filing, or that these proceedings would in any manner be unduly delayed thereby.

Plaintiff presented its allegations to the Court within a week after learning that Administrator decisions were not being published as required by FOIA. The

lack of asserted prejudice, combined with Plaintiff's good faith in presenting its arguments to the Court, provide ample justification for Plaintiff's motion. Accordingly, Plaintiff respectfully requests that its motion for leave be granted.

DATED: February 25, 2008

                                          Respectfully submitted,

                                          _____ /s
                                          JEFFREY A. LOVITKY
                                          (D.C. Bar No. 404834)
                                          Attorney at Law
                                          1776 K Street, N.W. Suite 200
                                          Washington, D.C. 20006
                                          (202) 429-3393

                                          Counsel for the Plaintiff